WALTER REYNOLDS v. THE STATE.

*No. 92. Decided April 15.*

**1. Transfer of Causes from the District to the County Court—Transcript.**—Where the indictment was returned to the District Court by the grand jury on the 29th day of December, and on the same day was ordered to be transferred to and was filed in the County Court, but the transcript from the District Court, which should have accompanied the indictment, was not filed until February 3; and before its filing, viz., on the first of February, defendant filed a plea in the nature of a plea to the jurisdiction of the County Court, predicated on the fact that the case had not been properly transferred from the District to the County Court: *Held,* that inasmuch as the transcript was and had been on file for thirteen days before the case was called for trial and the plea to the jurisdiction submitted, the plea was properly overruled.

**2. Selling Liquor to Minor—Burden of Proof.**—On a prosecution for selling liquor to a minor, the burden of proof is on the accused to show and produce the written order from the parent or guardian, or some one authorized to give such order, and the State is not required to prove that defendant did not have such order.

**3. Same—Charge.**—In a prosecution for selling liquor to a minor, "knowledge" is an essential element of the offense, and the State must allege, and prove beyond a reasonable doubt, that defendant when he sold the liquor knew that the vendee was a minor. *Held,* that a charge to the effect that if the evidence showed that the defendant might have known such fact by the use of ordinary care, prudence, and diligence, is erroneous.

APPEAL from the County Court of Gregg. Tried below before Hon. J. T. SMITH.

Upon a prosecution on an indictment charging him with unlawfully and knowingly selling liquor to a minor, appellant was found guilty, and his punishment assessed at a fine of $25.

A statement of the facts is deemed unnecessary.

*R. C. De Graffenreid, W. S. Davis,* and *E. F. Young,* for appellant. The court erred in overruling defendant's plea to the jurisdiction in this cause, the same having never been legally and properly transferred from the District Court, there being no certified copy of the proceedings taken in the District Court accompanying this cause, as the law requires.

This cause was not properly and legally transferred from the District Court of Gregg County, Texas, because the clerk of the District Court did not accompany this case with a certified copy of all the proceedings taken therein in the District Court, and a bill of costs that accrued in the District Court.

The grand jury delivered this bill of indictment to the judge of the District Court of Gregg County, Texas, on the 29th day of December, 1891, and on the same day the judge of the District Court ordered the same to be transferred to the County Court of Gregg County, Texas.

The indictment was filed in the County Court of Gregg County, Texas, on the 29th day of December, 1891. The transcript from District Court to County Court was filed on the 3rd day of February, 1892, and was certified to by the clerk of the District Court on the 3rd day of February, 1892. Defendant's plea to jurisdiction was filed on February 1, 1892. Code Crim. Proc., art. 437; Donaldson v. The State, 15 Texas Cr. App., 25; Hasley v. The State, 14 Texas Cr. App., 217; Brumley v. The State, 11 Texas Cr. App., 114; McDonald v. The State, 7 Texas Cr. App., 113; Walker v. The State, 7 Texas Cr. App., 52.

The defendant should have been proved not to have had a written order from the parent of the minor, or guardian, or some one standing in their stead, before conviction could be had; not that the minor or any other witness had not the written consent of the mother. Penal Code, art. 376; Lantznester v. The State, 19 Texas Cr. App., 320.

Knowledge at the time of the sale on the part of the defendant of the minority of the person to whom the whisky was sold is one of the essential elements, and must be affirmatively proved by the State, and a charge on mistakes, ordinary care, prudence, etc., is out of place. The indictment charges that the appellant unlawfully and knowingly sold the liquor to the minor, without the written consent of the parent, etc., of said minor, and such allegations should affirmatively be proved. Hunter v. The State, 18 Texas Cr. App., 444; Pressler v. The State, 13 Texas Cr. App., 95; Penal Code, art. 376.

*R. L. Henry*, Assistant Attorney-General, for the State.

HURT, Presiding Judge.—Appellant was convicted for selling liquor to one Luskin Taylor, a minor, and his punishment assessed at a fine of $25. The indictment was presented in the District Court on the 29th of December, 1891. The transcript from the District Court was filed in the County Court on the 3rd of February, 1892. On the 1st of February, appellant, by counsel, filed a plea, which was in the nature of a plea to the jurisdiction of the County Court, predicated on the fact that the case had not then been properly transferred from the District Court to the County Court. This plea was filed thirteen days before the case was called for trial. On the 16th of February, 1892, when the case was called for trial, the plea was submitted and overruled. In this there was no error, as the transcript had been on file thirteen days. The cases cited are not in point.

The second assignment presents the question, must the State prove the accused did not have the written order from the parent or guardian, or some one authorized to give such order, or must the accused produce or establish the fact, that he had such order? After mature reflection, we are of opinion, that the burden is on the accused.

The court charged the jury in regard to the knowledge of the accused as follows: " You will look at all the testimony surrounding the transaction, and as it is impossible to ascertain what a man really knows or does not know, you will ascertain whether the facts and circumstances surrounding the transaction satisfy your minds, beyond a reasonable doubt, that defendant had knowledge of, or by the use of ordinary care, diligence, and prudence would have known, the age of said Luskin Taylor; for the law holds a man responsible for not exercising such ordinary care, prudence, and diligence as a man of ordinary care and prudence would exercise in managing his own private affairs. So, under the explanation, you will find whether or not the defendant sold said liquor knowingly.''

The rule announced in these instructions does not apply to this offense. Why? Because knowledge is an element of the offense, and the State must allege and prove that appellant, when he sold the liquor, knew that the vendee was a minor. This must be established beyond a reasonable doubt. The accused is not required to make any proof. He can rely upon his plea of not guilty, and hold the State to prove every element composing the crime, unless the proof of a fact is peculiarly within his power and ability; namely, in this case, the written consent of the parent, etc. If the statute had defined the offense as follows, "Any person who shall sell or give, or cause to be sold or given, any spirituous, vinous, or intoxicating liquors to any person under the age of 21 years, without the written consent of the parent or guardian of such minor, or some one standing in their place or stead, shall be fined not less than $25 nor more than $100," upon the trial the State would have to prove the sale of liquor, prove the vendee was a minor, prove time and venue, and the case would be made, unless the accused relied upon a mistake of fact as to the age of the vendee. Relying upon a mistake of fact, he would be held to make clear proof that he exercised caution, and was diligent in making inquiry and investigation to ascertain the truth. The weight of authority permits him to prove the mistake of fact and the use of diligence as a defense. Massachusetts and Wisconsin deny this right to the accused. This question is not before us in this case, because knowledge is made an essential element of the offense. The judgment is reversed and the cause remanded for another trial.

*Reversed and remanded.*

Judges all present and concurring.