CHARLES THOMAS v. THE STATE.

No. 3960. Decided October 14, 1908.

**Unlawfully Cutting Timber—Charge of Court—Mistake of Fact.**

Where upon trial for unlawfully cutting timber, etc., the evidence raised the question that the defendant cut the alleged timber under a mistake of fact as to the ownership of the timber, it was reversible error not to have submitted articles 45 and 46 Penal Code as to the question of mistake of fact; and this although a requested instruction did not appear in the record, except as copied in the motion for new trial.

Appeal from the County Court of Sabine. Tried below before the Hon. H. C. Maund.

Appeal from a conviction of unlawfully cutting timber, etc.; penalty, a fine of $10.

The opinion states the case.

*Hamilton & Minton,* for appellant.—Bray v. State, 41 Texas, 294; Pressler v. State, 13 Texas Crim. App., 95; Hailes v. State, 15 Texas Crim. App., 94; Watson v. State, 13 Texas Crim. App., 76; Price v. State, 18 Texas Crim. App., 474, and cases cited in opinion.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—Appellant was charged by indictment in the County Court of Sabine County, Texas, with unlawfully cutting down, destroying and carrying away trees and timber upon land not his own but which was alleged to be the land of Martin Thomas and known as the D. O. Ford survey. On trial he was convicted and a fine of ten dollars assessed against him.

It was admitted, on the trial, by appellant that he cut a tree which, it is claimed, stood upon the land of and belonged to Martin Thomas, but it was claimed that this was done in the belief and

on the assurance that this timber was on the Albert Brister survey and was owned by one J. O. Toole. Toole testified that he owned the Albert Brister survey and told the defendant to get out some boards for him and to get the timber on this survey, or on other land owned by him, advising appellant where the several tracts owned by him were located. Albert Brister testified that he was the son of the original patentee of the Albert Brister survey, which, since his father's death had been sold to Toole, and that from his knowledge of the line dividing this survey and the D. O. Ford survey, it was his belief that the tree cut by appellant was on the Brister survey and belonged to Toole; that he had known this line for twenty-five years and had been on the ground recently and that the tree cut by appellant was on Mr. Toole's land. Appellant testified in his own behalf that he had asked Albert Brister, who owned the tree cut by him, and was told that it was on Mr. Toole's land and that he cut the tree believing it to be on the Albert Brister survey and the property of J. O. Toole and in the belief that he had a right to cut it under the direction and instructions given him by Mr. Toole. In addition to the doctrine of reasonable doubt and that the jury were the judges of the facts proven, the credibility of the witnesses and weight to be given the testimony, the court instructed the jury, substantially to the effect, "if any person without the consent of the owner, shall knowingly cut down or destroy any tree or timber upon any land not his own, he shall be fined not less than ten nor more than five hundred dollars.

"You are instructed that if you believe from the evidence beyond a reasonable doubt that Charles Thomas did in the County of Sabine, State of Texas, on or about the first day of September, A. D. 1907, unlawfully cut down or destroy any tree or timber upon the land of Martin Thomas, you will find him guilty and assess his punishment at a fine of not less than ten nor more. than five hundred dollars." It will be seen from a recital of the testimony given above that the defense of mistake of fact and the good faith and belief of appellant in the ownership of the tree by Toole, was not only raised by the testimony, but, to our mind was strong, if not convincing evidence of his good faith and belief. Articles 45 and 46 of our Penal Code are as follows:

"Article 45. No act done by accident is an offense, except in certain cases specially provided for, where there has been a degree of carelessness or negligence which the law regards as criminal."

"Article 46. No mistake of law excuses one committing an offense; but if a person laboring under a mistake, as to a particular fact, shall do an act which would otherwise be criminal, he is guilty of no offense." Counsel for appellant, as appears from his motion for a new trial, requested a special instruction giving in substance, these provisions. However, such special requested instruction does not appear in the record except as copied in the motion for new trial.

However, whether requested or not, it seems to us that it is too clear for discussion that the substance of these articles of our Penal Code should have been given in charge to the jury. Neeley v. State, 8 Texas Crim. App., 64; Reynolds v. State, 32 Texas Crim. Rep., 36; Lackey v. State, 14 Texas Crim. App., 164; Smedly v. State, 30 Texas, 214; Donahoe v. State, 23 Texas Crim. App., 457; 1 Bishop Cr. Law, 384; 4 Blackstone, 232.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*