## MANUEL SALDIVER v. THE STATE.

No. 4554. Decided January 20, 1909.

**Burglary—Evidence—Other Crimes.**

Where upon trial for burglary the court admitted evidence over defendant's objection of other burglaries, as well as full details in regard to each of them, and such testimony was not shown to illustrate some question which tended to connect defendant with the offense for which he was tried, the same was reversible error. Following Hinson v. State, 51 Texas Crim. Rep., 102, and other cases.

Appeal from the District Court of El Paso. Tried below before the Hon. James R. Harper.

Appeal from a conviction of burglary; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Jackson, Lea & Ware,* for appellant.—On the trial of a felony case it is error to admit testimony connecting defendant with other disconnected and independent and distinct felonies, even though the offenses be of the same grade and character. Kelley v. State, 18 Texas Crim. App., 262; Mason v. State, 31 Texas Crim. Rep., 306; Fore v. State, 5 Texas Crim. App., 251; Crass v. State, 30 Texas Crim. App., 480; Somerville v. State, 6 Texas Crim. App., 433;

Williams v. State, 24 Texas Crim. App., 412, 6 S. W. Rep., 318; Welhousen v. State, 30 Texas Crim. App., 623, 18 S. W. Rep., 300; Webb v. State, 8 Texas Crim. App., 115; Bryan v. State, 91 S. W. Rep., 581; Harris v. State, 100 S. W. Rep., 920; McCoy v. State, 81 S. W. Rep., 47.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of burglary, his punishment being assessed at five years confinement in the penitentiary.

The evidence shows that in the daytime the residence of the alleged owner was entered in such manner as to constitute a breaking within the contemplation of the statute, and property taken. Later during the day appellant and another boy were arrested. Some of the stolen goods were found on the person of appellant. His arrest, trial and conviction followed. This burglary occurred in the City of El Paso. The same day another burglary was committed. The fruits of the crime were traced to appellant and his companion. The preceding day another burglary was committed. Some of the fruits of the crime were found in appellant's trunk in his father's residence. Evidence was introduced, over appellant's objection, of the other burglaries, as well as full details in regard to each of them. We are of opinion that the objections are well taken. The other burglaries served to illustrate no point in this case; but had a tendency to influence the jury adversely to appellant and result in a verdict in which he was allotted five years. This indicates to some extent, at least, the injurious effect of this testimony. Had appellant given an account of the property found in his possession taken from the burglarized house set out in the indictment, explanatory of innocent possession, the fact that he had possession of other stolen property taken from other burglarized houses, might have served to illustrate some questions which tended to connect him with this offense, but there was no evidence of this character. Appellant said nothing, and offered no testimony explanatory of his possession of the goods taken from the house set out in the indictment. The introduction of this testimony was injurious. It served to illustrate no purpose in the case and was not admissible. See Denton v. State, 42 Texas Crim. Rep., 427; Hill v. State, 44 Texas Crim. Rep., 603; Herndon v. State, 50 Texas Crim. Rep., 552; Hinson v. State, 51 Texas Crim. Rep., 102; Ware v. State, 36 Texas Crim. Rep., 597.

Again, error is urged because the court having admitted the testimony, failed to limit its effect to the jury. Even when such testimony is admissible for any purpose, its effect must be limited by the charge to the purpose for which it was admitted. This is reversible error.

For the reasons indicated, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*