## W. M. Forrester v. State.

### No. 2150. Decided January 8, 1913.

**1.—Receiving Stolen Property—Charge of Court—Ordinary Diligence.**

Where defendant was prosecuted for receiving stolen property knowing it to have been stolen at the time he received it, a charge of the court that if defendant did not know by the exercise of ordinary diligence that the property was stolen, etc., was reversible error, as defendant must have received the property with a fraudulent intent to convert to his own use and deprive the owner of the value thereof. Following Bray v. State, 41 Texas, 203, and other cases.

**2.—Same—Evidence—Other Offenses.**

Where it was not shown that another theft was connected with the theft for which defendant was being prosecuted as receiving the property stolen, but the two transactions were independent of each other, and this evidence was not properly limited, the same was reversible error.

**3.—Same—Evidence—Accomplice.**

Upon trial of receiving stolen property, the acts and declarations of the persons alleged to have stolen the property after the theft, in the absence of the defendant, were inadmissible; and especially, where the same was not properly limited by the court.

Appeal from the District Court of McLennan. Tried below before the Hon. Richard I. Munroe.

Appeal from a conviction of knowingly receiving stolen property; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Williams & Williams*, for appellant.—On question of insufficiency of the evidence: Johnson v. State, 42 Texas Crim. Rep., 440; Murio v. State, 31 id, 210; Arcia v. State, 26 Texas Crim. App., 193; Nourse v. State, 2 id, 304.

On question of admitting accomplice testimony after offense was committed: Richardson v. State, 75 S. W. Rep., 505; Cooper v. State, 29 Texas Crim. App., 8.

On question of other offenses: Bismarck v. State, 45 Texas Crim. Rep., 54.

On question of caution and ordinary diligence: Charles v. State, 36 Fla., 691, and cases cited in opinion.

*C. E. Lane*, Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of receiving stolen property, knowing it to have been stolen at the time he received it. The evidence discloses that two women, Pearl Forrester and Monta McGowan, were in the City of Waco and went to the store of Sanger Brothers. While McGowan was trying on a lot of different dresses, she testified, Pearl Forrester slipped a dress under her clothing in some way and disappeared with it from the store. Shortly afterwards, McGowan says, she went to where Pearl Forrester was and received instructions from her to go to the express office and forward

a box that she had left there to Albert Taylor at Fort Worth; that she obeyed instructions. The theory of the State is that the dress taken by Pearl Forrester was in the box and was expressed to Taylor in Fort Worth. Taylor was in Dallas. He was 'phoned, McGowan says, by Pearl Forrester to go to Fort Worth and get the box from the express office. Appellant went to Fort Worth, in accordance with the request, and signed for the box the name of Albert Taylor and received it. Not a great while afterwards he was arrested and held in custody. The State's theory is that the box contained the stolen dress and that appellant received it knowing that it was stolen. It is shown that appellant did not open the box when he received it and did not know the contents.

1. In this state of the case, after charging the jury that if he knowingly received the property, etc., he would be guilty, submitting the issues for the defendant, the court thus charged the jury: If you believe from the evidence defendant received the property alleged to have been stolen, did so at the request of Pearl Forrester and Monta McGowan, or either of them, and that he did not know that the said dresses were stolen or did not receive said goods under circumstances sufficient to satisfy a man of ordinary intelligence and caution that said dresses were stolen, you will acquit him, etc. Exception was reserved to this charge and we think the exception was well taken. Appellant's criminality in this case would not depend upon whether he exercised ordinary diligence and caution to ascertain whether the dresses were stolen or not. The statute requires that he must know the goods to have been stolen when he received them. Knowledge on his part is essential and not only so, but the fraudulent intent must exist as well at the time he received the goods. The mere reception of stolen property is not criminal. As before stated, there must be knowledge on his part that the goods were stolen and he must receive them with the fraudulent intent to convert them to his own use, and deprive the owner of the goods of their value. This question has been decided so frequently that it is hardly necessary to cite authorities, but the statute requires that the defendant must receive the goods knowing them to be stolen, and on the question of caution, etc., see Bray v. State, 41 Texas, 203; Neely v. State, 8 Texas Crim. App., 64; Pressleh v. State, 13 Texas Crim. App., 95; Boyd v. State, 18 Texas Crim. App., 339; Price v. State, 40 Texas Crim. Rep., 428; Thomas v. State, 54 Texas Crim. Rep., 377; Charles v. State, 36 Fla., 691.

2. Another matter is presented for revision, to wit: the introduction of evidence showing that two women committed the theft of a diamond ring subsequent to the theft of the dress. It is not shown to have been in any way connected with the dress matter, but independent of that matter and in the absence of the defendant. We are of opinion that as this matter is presented in the record the evidence should have been excluded. This same matter came up and was discussed in Bismark v. State, 45 Texas Crim. Rep., 54; see note also 62 L. R. A.,

317; also 98 Am. St. Rep., 174. Sometimes it becomes admissible to show extraneous crimes to connect the defendant, develop the res gestae and show system and intent as it relates to the crime charged and upon which the accused is being tried. In this particular case if it should become necessary, upon another trial, to develop this evidence against the principals, the two women, then the court's charge should limit it to the purpose for which it was introduced. The ring alleged to have been stolen was taken subsequent to the time the dress was said to have been stolen. That was an independent transaction. The ring was not shipped in the box with the dress and was in no way connected, so far as appellant was concerned, with this transaction. If the two women had been upon trial for the theft of the dress it would have been necessary for the court to have limited this evidence in his charge to the jury to the purpose for which it was introduced. This statement is made upon the theory that the State brought it within one of the exceptions to the general rule which would exclude this character of testimony. The court failed to give any limitation on this evidence, either as against the principals, the two women ,or the defendant. This was error.

3. There is another matter of which complaint is made. The court permitted the accomplice, Monta McGowan, who turned State's evidence, to testify in substance that Pearl Forrester told her (McGowan) in the absence of appellant and after the goods had been shipped or expressed, that the dress stolen from Sanger Brothers was in the box expressed to Fort Worth. Various objections were urged to this testimony. Under the authority of Richardson v. State, 75 S. W. Rep., 505, and Cooper v. State, 29 Texas Crim. Apps., 18, we are of opinion this testimony was inadmissible. Appellant was not present; the theft had been completed and Pearl Forrester was not on trial. These were acts and declarations by the co-conspirators after the theft, when neither one of them was on trial, but it was sought to use this against appellant, who was not in any way connected with the theft, and if guilty at all was guilty on account of receiving the box at Fort Worth. If Pearl Forrester had been upon trial for the theft of the goods, any declaration that she might make about the matter, after the commission of the offense, would be evidence against her but not against the defendant for receiving stolen property, but even if the matter was admissible against Pearl Forrester in making out the case of theft against her as principal, the charge should certainly have limited the evidence, so far as defendant was concerned, to that purpose. The accomplice McGowan could not corroborate herself by testifying to a statement or confession of Pearl Forrester, and if the evidence was admissible at all it could be only admissible against Pearl Forrester and should have been so limited by the court in its charge.

For the errors indicated the judgment is reversed and the cause is remanded.

*Reversed and remanded.*