CLAUDE GOODE v. THE STATE.

No. 3347. Decided December 9, 1914.

**1.—Carrying Pistol—Charge of Court—Practice.**

In a misdemeanor case, the court is not required to charge the jury, but, if he does do so, we think it would be the better practice to submit the charge to defendant's counsel for inspection, but while he did not do so in this case, yet defendant saw the charge and had an opportunity to point out any error therein, but failed to do so, and did not point out the error in his motion for new trial, there was no reversible error.

**2.—Same—Requested Charge.**

Where, upon trial of unlawfully carrying a pistol, the court correctly refused a peremptory charge for acquittal, and the other requested charges were covered by the court's main charge, there was no error.

**3.—Same—Sufficiency of the Evidence.**

Where, upon trial of unlawfully carrying a pistol, the evidence sustained the conviction under a proper charge, there was no error.

Appeal from the County Court of Franklin. Tried below before the Hon. J. J. Walker.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.

L. W. Davidson, for appellant.

C. E. Lane, Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was convicted of unlawfully carrying a pistol, and his punishment assessed at a fine of $100.

There were no exceptions reserved to the evidence adduced on the trial of the case, and none to the charge of the court as given. Appel-

lant on the motion for new trial raises the issue that the charge was not submitted to his counsel for inspection prior to the time it was read to the jury, and introduced evidence to prove that fact, and the evidence shows it to be a fact, but it further shows that appellant had it while the case was being argued, and during the time he was presenting his argument to the jury. In a misdemeanor case the court is not required to charge the jury, but if he does do so, we think it would be the better practice to submit the charge to counsel for inspection, and in this case he should have done so. And as he did not do so, if, when appellant did see the charge, and had an opportunity to point out any error therein, if error there be, counsel for appellant had pointed out any error to the court, we would consider such assignments of error. But when the charge was given to appellant's counsel, he pointed out no error therein, nor in the motion for new trial does he point out any error, nor complain that the charge is erroneous in any respect, but only claims that the court erred in failing to submit the charge to him before reading it. Under such circumstances, as appellant did not even in the motion for new trial attempt to point out any error in the charge, the matter does not present reversible error.

Appellant does complain of the failure of the court to give the special charges requested. The first two are fully covered by the charge of the court, while the third is a request for peremptory instructions. This, the court did not err in refusing, for Miss Sanders swears positively she saw appellant with a pistol on the occasion alleged in the information.

The judgment is affirmed.

*Affirmed.*