JESUS ABRIGO v. THE STATE.

No. 3661. Decided June 25, 1915.

**1.—Theft of Horse—Claim of Right—Charge of Court.**

Where, upon trial of theft of a horse, the testimony raised the issue, that if defendant took the horse, he did so under a claim of right, a failure of the court to submit this issue to the jury was reversible error.

**2.—Same—Charge of Court—Objections—Practice.**

Where, upon trial of theft, the charge of the court was not submitted to the defendant, and he had no opportunity or time to examine it so as to make objec-

tions thereto, and he was without an attorney to represent him, and did not understand the English language, and proper complaint was made of the court's failure to submit his charge to the defendant, etc., the same was reversible error.

Appeal from the District Court of Cameron. Tried below before the Hon. W. B. Hopkins.

Appeal from a conviction of theft of a horse; penalty, not less than two nor more than eight years in the penitentiary.

The opinion states the case.

*Canales & Dancy,* for appellant.—Cited Butler v. State, 64 Texas Crim. Rep., 482, 142 S. W. Rep., 904; King v. State, 59 Texas Crim. Rep., 511, 129 S. W. Rep., 626; Haak v. State, 60 Texas Crim. Rep., 366, 132 S. W. Rep., 358; Exon v. State, 33 Texas Crim. Rep., 461.

On question of claim of right: Buckley v. State, 70 Texas Crim. Rep., 550, 157 S. W. Rep., 765; Robinson v. State, 71 Texas Crim. Rep., 561, 160 S. W. Rep., 456.

*C. C. McDonald,* Assistant Attorney General, for the State.

PRENDERGAST, PRESIDING JUDGE.—This appeal is from a conviction for horse theft. We have carefully read the record and considered all of appellant's claimed errors.

We think there can be no question but that the testimony raised the issue that if appellant took the horse of which he is charged with stealing, he did so under a claim of right. He claimed and testified it was his own property and was not the property of the alleged owner. The court by his charge did not submit this issue which was his affirmative defense.

The record, without contest, shows that appellant was a Mexican who did not understand the English language, and that the charge of the court, before being read to the jury, was not submitted to him, and that he had no opportunity or time to examine it so as to make objections thereto, even if he could have done so. He had no attorney on the trial. Article 735, C. C. P., as amended by the Act of April 5, 1913, p. 278, makes it the duty of the judge before reading his charge to the jury, to submit it to the defendant, who shall have a reasonable time to examine it and present his objections thereto. Article 737a, as added by said Act, expressly provides that the failure of the court to give the defendant a reasonable time to do this, gives him the right, in effect, to make his objections for the first time in his motion for new trial, and requires a review of them in the trial court. Proper complaint was made of this failure of the trial judge in the lower court in appellant's sworn motion for a new trial. So that under the circumstances, and the statute, appellant has properly raised and preserved this question. We think the failure of the court to specifically submit this issue to the jury for a finding presents reversible error. Of course, the jury from all the evidence may find this issue against him, but under the law and evidence the issue by proper charge should have been submitted.

None of appellant's other complaints present any error, or call for any discussion. The judgment is reversed and the cause remanded. ·

*Reversed and remanded.*