## STEVE CZERNICK v. THE STATE.

No. 5046. Decided April 16, 1919.

**1.—Receiving and Concealing Stolen Property—Charge of Court—Practice in District Court.**

Where, upon trial of receiving and concealing stolen property, the court submitted his charge to counsel for defendant, who presented written objections thereto on the proposition of evidence of other offenses and properly limiting said evidence, and the court thereupon made material alterations in his original charge, without again submitting the same to the counsel for the defendant for an opportunity to make his written objection thereto, the same was reversible error. Following Harris v. State, 76 Texas Crim. Rep., 126, and other cases.

**2.—Same—Other Offenses—Charge of Court—Rule Stated.**

The uniform holding of this court is that the jury's consideration of evidence of extraneous offenses admitted under one of the exceptions to the general rule against said evidence, must be limited by the charge of the court to the purpose for which the same was admissible. Following Powers v. State, 71 Texas Crim. Rep., 116, and other cases.

**3.—Same—Charge of Court—"Fraudulently."**

While the matter of omission of the word fraudulently in the court's charge in the instant case would not constitute reversible error, the better practice is to instruct the jury, in a case of receiving and concealing stolen

property, that such must be done fraudulently.    Following Forrester v. State, 69 Texas Crim. Rep., 62, and other cases.

#### 4.—Same—Evidence—Confessions—Charge of Court—Limiting Testimony.

While the confessions of the defendant introduced·by the State may not have been inadmissible, the same, as bearing on other matters than those charged in the indictment, should have been properly limited by the Court's charge.

Appeal from the District Court of Bexar County.   Tried below before the Hon. W. S. Anderson.

Appeal from a conviction of receiving and concealing stolen property; penalty, three years imprisonment in the state penitentary.

The opinion states the case.

*Chambers & Watson,* for appellant.—On question of limiting testimony of other offenses:   Hiles v. State, 73 Texas Crim. Rep., 17, 163 S. W. Rep., 717;   Cowart v. State, 71 Texas Crim. Rep., 116, 158 S. W. Rep., 809;   Gardner v. State, 55 Texas Crim. Rep., 394; Saldiver v. State, 55 id., 177.

On question of altering charge without submitting same to counsel for defendant: Harris v. State, 76 Texas Crim .Rep., 126, 172 Sev. Rep., 975;   Abrigo v. State, 77 Texas Crim. Rep., 285, 178 S. W. Rep., 518.

On question of confessions: Galbraith v. State, 41 Texas, 567; Denton v. State, 42 Texas Crim. Rep., 427.

*E. A. Berry,* Assistant Attorney General, for State.

LATTIMORE, JUDGE.—In this case appellant was charged in the District Court of Bexar County with receiving and ·concealing stolen property of the value of more than fifty dollars and his punishment fixed at three years confinement in the penitentiary.

Enough of the facts will appear in this opinion without undertaking to state generally what same were.   The court on the trial prepared his charge and submitted the same to the appellant's counsel for their inspection and objections, if they desired to make any.   Thereupon counsel for the appellant prepared certain objections in writing to that portion of the court's charge limiting the effect and purpose of the admission of evidence of the appellant's having received other property theretofore acquired by theft, at a time and place different from that charged in the indictment in the instant case, and when these written objections were presented to the court, he eliminated. from his charge those portions of the same at which such objections were directed, and without further submitting said charge to counsel for the appellant, and apparently without any notification to said counsel that any change or correction had been made in the charge, the court then proceeded to read said

charge to the jury. Said charge contained nothing anywhere limiting the effect or purpose of the admission of the evidence of the extraneous offense. It seems that one Wilmont, alias Williams, had stolen certain auto casings, rims, tubes, etc., from a party named Hays and that appellant had received, or as he claimed, had brought the same from said Williams, and this was the offense charged in the indictment, and for which appellant was convicted. On the trial said Williams swore to stealing some other casings, rims, etc., about two weeks after the theft of the property of Mr. Hays, and claims that he also let appellant have these latter articles under a proposition made to him by the appellant to the effect that he could use and wanted all such property which the witness could get and bring to him. It is made to appear by the record that appellant's counsel had no knowledge of the change in the charge made by the court before reading same to the jury, and consequently no opportunity to take any exception to the court's failure to limit such evidence or to present a special charge setting forth the law applicable to such issue. This action of the court in failing to submit such charge so corrected to the appellant was set up in his motion for new trial, and to the court's action in overruling this ground of said motion a bill of exceptions was reserved, stating fully the facts, which bill was approved by the trial judge and filed as a part of the record.

The action of the trial court in reading his charge to the jury after making such material alteration therein without submitting same to counsel for the appellant, was error. Article 735 C. C. P., makes it the duty of the trial court to submit his charge to appellant before reading same to the jury in order that he may have an opportunity to make his written objections thereto and specify the grounds of the same. Failure to submit such charge to the appellant is reversible error. Harris v. State, 76 Texas Crim. Rep., 126, 172 S. W. Rep., 975; Goode v. State, 75 Texas Crim. Rep., 550, 171 S. W. Rep., 714; Abrigo v. State, 77 Texas Crim. Rep., 285. 178 S. W. Rep., 518.

If the court corrected or changed his charge after the written objections and exceptions thereto are presented, under the provisions of article 737a C. C. P., he shall give appellant or his counsel "the opportunity to present their objections thereto and in the same manner as is provided in article 735." This, as stated, the court did not do in the instant case and this was reversible error. Abrigo v. State, supra. The uniform holding of this court is that the jury's consideration of evidence of extraneous offenses admitted under one of the exceptions to the general rule against such evidence, must be limited by the charge to the purpose for which same was admissible. Thornley v. State, 36 Texas Crim. Rep., 118; Saldiver v. State, 55 Texas Crim. Rep., 177; Forrester v. State, 69 Texas Crim. Rep., 62, 152 S. W. Rep., 1041;

Cowart v. State, 71 Texas Crim. Rep., 116, 158 S. W. Rep., 809. The failure to so limit the effect of such evidence was reversible error.

Appellant contends that the court erred in not inserting the word "fraudulently" in that portion of the charge applying the law to the facts. Under the facts of this case we would not be prepared to hold this omission a reversible error, there being no evidence introduced in this case supporting the theory that appellant's acquisition of the alleged stolen property was either for an innocent purpose, or under such circumstances as to raise any reasonable doubt thereof, but in view of the fact that the case will be reversed otherwise, we observe that the better practice seems to be to instruct the jury in a case of receiving and concealing stolen property, that such property must have been fraudulently received or concealed, as the case may be. Nourse v. State, 2 Texas Crim. App. 304; Arcia v. State, 26 Texas Crim. App. 193; Forrester v. State, 69 Texas Crim. Rep., 62, 152 S. W. Rep., 1041.

We cannot say that the confession of appellant, introduced by the State, was not admissible, as the course of conduct therein detailed might have weight as bearing upon the guilty knowledge or intent of the appellant. If said confession is used upon another trial, then all of the same bearing on other matters than those charged in the indictment in the instant case, should be limited by the court's charge to the question above mentioned, or if it be claimed by the appellant that his acquisition of the property in question was with other than guilty intent or knowledge, then said other facts might be considered by the jury as bearing upon that question.

For the error indicated the judgment of the trial court is reversed and the cause remanded for a new trial.

*Reversed and remanded.*