(85 Tex. Cr. R. 169)

## CZERNICKI v. STATE.   (No. 5046.)

(Court of Criminal Appeals of Texas.   April 16, 1919.)

1. CRIMINAL LAW ⊗═834(1)—SUBMISSION OF CHARGE AFTER CORRECTION—STATUTE.

Under Code Cr. Proc. 1911, art. 735, and article 737a, as added by Acts 33d Leg. c. 138, § 3 (Vernon's Ann. Code Cr. Proc. 1916, art. 737a), where the court trying a prosecution for receiving stolen goods on written objection to certain portions of his charge by defendant's counsel eliminated such portions but did not after such material alteration submit charge to defendant's counsel before reading to jury, his failure so to submit charge was reversible error.

2. CRIMINAL LAW ⊗═673(5)—INSTRUCTIONS— LIMITATION OF EVIDENCE OF OTHER OFFENSE.

The jury's consideration of evidence of extraneous offenses, admitted under one of the exceptions to the general rule against such evidence, must be limited by the charge to the purpose for which the evidence is admissible.

3. CRIMINAL LAW ⊗═1172(6) — APPEAL — HARMLESS ERROR—INSTRUCTION.

In prosecution for receiving or concealing stolen goods, in absence of evidence that defendant's acquisition of property was for innocent purpose or under such circumstances as to raise doubt of his guilty intent, failure to insert "fraudulently" in portion of charge applying law to facts was not reversible error.

4. RECEIVING STOLEN GOODS ⊗═9(2)—INSTRUCTION—FRAUD.

In a prosecution for receiving or concealing stolen property, the better practice is to instruct the jury that such property must have been fraudulently received or concealed, as the case may be.

5. CRIMINAL LAW ⊗═517(2) — EVIDENCE — CONFESSION.

In a prosecution for receiving or concealing stolen goods, where the course of conduct detailed in defendant's confession might have had weight as bearing on his guilty knowledge or intent, the confession was admissible.

6. CRIMINAL LAW ⊗═370, 371(2), 673(5)—EVIDENCE—CONFESSION.

All of the confession of defendant charged with having received or concealed stolen goods bearing on other matters than those charged in indictment should be limited by instruction to question of guilty knowledge, or, if defendant claims that his acquisition of the property was other than with guilty knowledge or intent, the other facts may be considered by the jury as bearing on the question.

Appeal from District Court, Bexar County; W. S. Anderson, Judge.

Steve Czernicki was convicted of receiving and concealing stolen property, and he appeals. Reversed, and cause remanded.

Chambers & Watson, of San Antonio, for appellant.

E. A. Berry, Asst. Atty. Gen., for the State.

LATTIMORE, J.   In this case appellant was charged in the district court of Bexar county with receiving and concealing stolen property of the value of more than $50, and his punishment fixed at three years' confinement in the penitentiary.

Enough of the facts will appear in this opinion without undertaking to state generally what same were. The court on the trial prepared his charge and submitted the same to the appellant's counsel for their inspection and objections, if they desired to make any. Thereupon counsel for the appellant prepared certain objections in writing to that portion of the court's charge limiting the effect and purpose of the admission of evidence of the appellant's having received other property theretofore acquired by theft, at a time and place different from that charged in the indictment in the instant case, and, when these written objections were presented to the court, he eliminated from his charge those portions of the same at which such objections were directed, and without further submitting said charge to counsel for the appellant, and apparently without any notification to said counsel that any change or correction had been made in the charge, the court then proceeded to read said charge to the jury. Said charge contained nothing anywhere limiting the effect or purpose of the admission of the evidence of the extraneous offenses. It seems that one Wilmont, alias Williams, had stolen certain auto casings, rims, tubes, etc., from a party named Hays, and that appellant had received, or, as he claimed, had bought, the same from said Williams, and this was the offense charged in the indictment, and for which appellant was convicted. On the trial said Williams swore to stealing some other casings, rims, etc., about two weeks after the theft of the property of Mr. Hays, and claims that he also let appellant have these latter articles under a proposition made to him by the appellant to the effect that he could use and wanted all such property which the witness could get and bring to him. It is made to appear by the record that appellant's counsel had no knowledge of the change in the charge made by the court before reading same to the jury, and consequently no opportunity to take any exception to the court's failure to limit such evidence or to present a special charge setting forth the law applicable to such issue. This action of the court in failing to submit such charge so corrected to the appellant was set up in his motion for new trial, and to the court's action in overruling this ground of said motion a bill of exceptions was reserved, stating fully the facts, which bill was ap-

proved by the trial judge and filed as a part of the record.

[1] The action of the trial court in reading his charge to the jury, after making such material alteration therein, without submitting same to counsel for the appellant, was error. Articles 735, C. C. P., makes it the duty of the trial court to submit his charge to appellant before reading same to the jury in order that he may have an opportunity to make his written objections thereto and specify the grounds of the same. Failure to submit such charge to the appellant is reversible error. Harris v. State, 76 Tex. Cr. R. 126, 172 S. W. 975; Goode v. State, 75 Tex. Cr. R. 550, 171 S. W. 714; Abrigo v. State, 77 Tex. Cr. R. 285, 178 S. W. 518.

[2] If the court corrected or changed his charge after the written objections and exceptions thereto are presented, under the provisions of article 737a, C. C. P., as added by Acts 33d Leg. c. 138, § 3 (Vernon's Ann. Code Cr. Proc. 1916, art. 737a), he shall give appellant or his counsel "the opportunity to present their objections thereto and in the same manner as is provided in article 735." This, as stated, the court did not do in the instant case, and this was reversible error. Abrigo v. State, supra. The uniform holding of this court is that the jury's consideration of evidence of extraneous offenses admitted under one of the exceptions to the general rule against such evidence must be limited by the charge to the purpose for which same was admissible. Thornley v. State, 36 Tex. Cr. R. 118, 34 S. W. 264, 35 S. W. 981, 61 Am. St. Rep. 836; Saldiver v. State, 55 Tex. Cr. R. 177, 115 S. W. 584; 16 Ann. Cas. 669; Forrester v. State, 69 Tex. Cr. R. 62, 152 S. W. 1041; Cowart v. State, 71 Tex. Cr. R. 116, 158 S. W. 809. The failure to so limit the effect of such evidence was reversible error.

[3, 4] Appellant contends that the court erred in not inserting the word "fraudulently" in that portion of the charge applying the law to the facts. Under the facts of this case, we would not be prepared to hold this omission a reversible error, there being no evidence introduced in this case supporting the theory that appellant's acquisition of the alleged stolen property was either for an innocent purpose, or under such circumstances as to raise any reasonable doubt thereof; but, in view of the fact that the case will be reversed otherwise, we observe that the better practice seems, to be to instruct the jury, in a case of receiving and concealing stolen property, that such property must have been fraudulently received or concealed, as the case may be. Nourse v. State, 2 Tex. App. 316; Arcia v. State, 26 Tex. App. 204, 9 S. W. 685; Forrester v. State, 69 Tex. Cr. R. 62, 152 S. W. 1041.

[5, 6] We cannot say that the confession of appellant, introduced by the state, was not admissible, as the course of conduct therein detailed might have weight as bearing upon the guilty knowledge or intent of the appellant. If said confession is used upon another trial, then all of the same bearing on other matters than those charged in the indictment in the instant case should be limited by the court's charge to the question above mentioned, or, if it be claimed by the appellant that his acquisition of the property in question was with other than guilty intent or knowledge, then said other facts might be considered by the jury as bearing upon that question.

For the error indicated, the judgment of the trial court is reversed, and the cause remanded for a new trial.