JOHNNIE WRIGHT V. THE STATE.

No. 17862. Delivered January 22, 1936.

The opinion states the case.

*John L. Poulter,* of Fort Worth, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for receiving and concealing stolen property; punishment, five years in the penitentiary.

Mr. Barker owned a car. It was stolen on March 18, 1933, in Quanah, Hardeman county, Texas. In May, 1933, said car was found in possession of appellant in Runnels county, Texas. The motor numbers had been changed. There is no proof as to who stole the car, who changed the numbers, or how or when the car came into appellant's possession. The State introduced in evidence a statement of appellant that he was not in Quanah in March, 1933, and did not take Barker's car. The evidence wholly fails to make a case.

As said by Judge Davidson in Bloch v. State, 81 Texas Crim. Rep., 10: "In a case of this character there must be shown to be a theft first, and, second, that the accused did receive or conceal the alleged stolen property, * * * and, third, that he knew it was stolen at the time he received it." We also quote from Forrester v. State, 69 Texas Crim. Rep., 63, opinion by the same learned judge, as follows: "The Statute requires that he must know the goods to have been stolen when he received them. Knowledge on his part is essential, and not only so, but the fraudulent intent must exist as well at the time he received the goods. The mere reception of stolen property is not criminal. As before stated, there must be knowledge on his part that the goods were stolen; and he must receive them with the fraudulent intent to convert them to his own use and deprive the owner of the goods of their value. This question has been decided so frequently that it is hardly necessary to cite authorities, but the statute requires that the defendant must receive the goods knowing them to be stolen." Authorities are cited supporting the proposition above quoted.

In Castleberry v. State, 35 Texas Crim. Rep., 383, it is said: "Now, then, will the bare fact that the accused received the stolen property be sufficient proof, standing alone, that he knew the property was stolen when he received it? It will not."

If there be authorities contrary to those we have cited, we are not aware of them. The State's Attorney with this court confesses error. Under these facts we have no alternative.

The judgment will be reversed and the cause remanded be-

cause of the lack of testimony showing knowledge of the fact that the car was stolen, on the part of appellant.

*Affirmed.*