ALEX KELLEY v. THE STATE (THREE CASES).

Nos. 18763, 18764, 18765.   Delivered February 3, 1937.

The opinion states the case.

*W. Owen Dailey,* of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—Conviction for a misdemeanor; punishment being assessed at a fine of $200.

The prosecution proceeded under subsection (c) of section 3 of Art. 1, chap. 467, General and Special Laws, 44th Legislature, Second Called Session, which we quote, as follows:

"It shall be unlawful for any person who is authorized by law to sell malt or vinous liquors for consumption on the premises where sold, or any person who acts as agent or employee of any person, firm, or corporation authorized to sell malt or vinous liquors for consumption on the premises where sold, to have in his possession, at or near the premises where such malt or vinous liquors are sold for such purpose, any liquor produced by the process of distillation or any liquor containing alcohol in excess of fourteen per cent (14%) by volume."

The complaint and information aver, in substance, that appellant had secured a wine and beer license authorizing him to sell malt and vinous liquors for consumption on the premises known as "Kelley's Grill." Further, it is alleged that appellant had in his possession at said premises "where said malt liquors and vinous liquors were so authorized to be sold" for consumption on the premises, liquor produced by the process of distillation. There is no averment, either in the information or complaint, that appellant was engaged in the business of selling or offering for sale malt or vinous liquors to be consumed on the premises where sold. In M. J. Gremillion v. The State, Opinion No. 18,628, delivered December 16, 1936 (page 492 of this volume), we held that a complaint and information under subsection (c) of section 3, supra, to be sufficient, must embrace an averment to the effect that the accused was engaged in the business of selling or offering for sale malt or vinous liquors to be consumed on the premises where sold. We quote from the opinion in said case, as follows:

"In the instant case there is no averment in the information that appellant was engaged in the business of selling or offering for sale any malt or vinous liquors to be consumed on the premises where sold. All that is charged in the information is that he, meaning the appellant, had a license or permit to do so. This, we think, is insufficient to charge an offense under the law above quoted for the reason that, in our opinion, the Legislature did not intend to punish a person who had obtained

a license authorizing him to engage in the sale of beer and wine at a designated place, but who at no time had sought to exercise the privilege thus granted, although he may have had a bottle of whisky at the designated place."

The judgment is reversed and the prosecution ordered dismissed.

*Reversed and prosecution ordered dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.