### W. H. TYNER v. THE STATE.

No. 19039. Delivered June 2, 1937.
Rehearing Denied (Without Written Opinion) October 20, 1937.

The opinion states the case.

*Jack M. Moore* and *John H. Benckenstein,* both of Beaumont, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Appellant was convicted of having in his possession distilled liquor at a place where he had legal permit to sell vinous and malt liquor, and his punishment assessed at a fine of one hundred dollars. Prosecution was under subsection (c), Sec. 3, Art. 1, Ch. 467, 44th Legislature.

No attack was made on the indictment in the court below either by motion to quash or in arrest of judgment, but it is here criticised as being defective under the holding in Gremillion v. State, 100 S. W. (2d) 106; Teal v. State, 100 S. W. (2d) 107; Kelly v. State, 102 S. W. (2d) 211. It will be noted that in those cases it was alleged that accused had a permit to sell vinous and malt liquor, but no averment that he was engaged in the business of so doing at the place where he was in possession of the distilled liquor. In the present indictment it is alleged that appellant "was a retail dealer in wines and beer" under a permit. The meaning of "dealer" as found in Webster's

International Dictionary is "a trader, a trafficer, a shopkeeper, a broker or a merchant;" hence we are of opinion that the averment that appellant was a retail dealer in wines and beer, was equivalent to alleging that he was engaged in such business. See Gripon v. State, 100 S. W. (2d) 355.

Appellant objected to the court not charging on circumstantial evidence, and requested a special charge on the subject. We fail to see how the case is one on circumstantial evidence. Inspectors for the Liquor Control Board went to appellant's place of business and in a room adjoining the one in which beer was dispensed they found two bottles each containing some whisky, and also found whisky in a pitcher in a cabinet over the sink. The inspectors testified that appellant admitted ownership of the whisky. There was an open door between the rooms mentioned and in the one where the whisky was found was the ice box in which appellant cooled the beer which he sold on the place.

Appellant requested the court to instruct the jury that it was not unlawful for a person to consume liquor in a beer parlor if such liquor was owned by such person and was brought into the beer parlor by him. We fail to see the pertinence of the requested instruction. If the whisky found by the officers had been brought into the beer parlor by customers it might have presented an issue whether appellant was in possession of it, but that was not the question suggested by the requested charge.

Finding no errors upon which a reversal could properly be predicated the judgment is affirmed.

*Affirmed.*