## Green Stokes v. The State.

### No. 3135.  Decided December 13, 1905.

**1.—Local Option—C. O. D. Order—Fact Case—Venue.**

On a trial for a violation of the local option law, where the evidence showed that the whisky was in the express office and prosecuting witness let appellant have the money to pay a part of the c.o.d. express charges on the whisky, and appellant's defense was that he gave the whisky to prosecutor and that the latter loaned him the money. Held that a conviction will not be set aside, and that the sale of the whisky took place in the place of the prosecution.

**2.—Same—Charge of Court—Misstating Punishment.**

Where on a trial for a violation of the local option law, the court in the first clause of the charge gave the jury the proper punishment and then in the latter clause thereof, instructed the jury to assess defendant's punishment, "at not less than $25 or more than $100 and by imprisonment in the county jail for not less than twenty nor more than sixty *dollars,* and the jury gave appellant the minimum punishment there was no error.

Appeal from the County Court of Hopkins. Tried below before Hon. T. J. Russell.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

*Leach & McBride* and *C. E. Sheppard,* for appellant.—On question of charge: Graham v. State, 13 S. W. Rep., 1010; Irvin v. State, 8 id., 681.

*Howard Martin,* Assistant Attorney-General, for the State.—Lovejoy v. State, 40 Texas Crim. Rep., 89; O'Docharty v. State, 57 S. W. Rep., 657; Adams v. State, 20 id., 548.

BROOKS, Judge.—This conviction is for violating the local option law—the punishment fixed at a fine of $25 and twenty days confinement in the county jail.

Prosecuting witness, Henry, testified to a purchase of whisky from appellant. He is corroborated in his testimony by the express agent, as to the obtaining of the whisky, and is corroborated to a certain extent by George Phillips—the party for whom the whisky was obtained. The whisky was in the express office, and prosecuting witness let appellant have the money to pay a part of the C. O. D. express charges on the whisky. This placed the cases under the rule laid

down in Hilliard v. State, 13 Texas Ct. Rep., 520; Dunn v. State, 12 Texas Ct. Rep., 803; Beall v. State, 12 Texas Ct. Rep., 801; Hutcheson v. State, decided at present term. Appellant's defense was that he gave the whisky to prosecutor; that prosecutor loaned him the money he received from him. This issue was aptly presented to the jury by the court in the main charge, and in appellant's special charge which was given by the court.

In motion for new trial appellant complains that the court misstated the punishment. In the first clause of the charge, the court gave the jury the proper punishment, and then in a later clause, tells the jury, if they find appellant guilty, to assess his punishment "at not less than $25 nor more than $100 and by imprisonment in the county jail for not less than twenty nor more than sixty *dollars*. The jury gave appellant the minimum punishment, as stated above. We do not think this clerical error injured or could have injured appellant. Lovejoy v. State, 40 Texas Crim. Rep., 89; O'Docharty v. State, 57 S. W. Rep., 657; Adams v. State, 20 S. W. Rep., 548. There is no error in this record, and the judgment is affirmed.

*Affirmed.*