## Thurman Sexton v. The State.

### No. 3554. Decided January 31, 1906.

**1.—Receiving Stolen Property—Charge of Court—Fraudulent Taking.**

On a trial for receiving stolen horses and mules where the court charged on receiving stolen property and omitted therein that the receiving must be unlawful and fraudulent, but charged such to be the law in other portions of his charge, there was no error.

**2.—Same—Sufficiency of Evidence—Accomplices—Corroboration.**

Where upon a trial for receiving stolen horses and mules, the evidence showed that the accomplices at the instance of the defendant brought the animals to the stock-pen; that he was there and assisted in leading them into the cars; that he got on a horse, went out to where the accomplices were, was seen there by third parties in conversation with the accomplices, and that night the accomplices secured possession of the animals, took them to town and he was there when they were received; together with other circumstances connected with the matter, the testimony of the accomplices was sufficiently corroborated.

Appeal from the District Court of Comanche. Tried below before Hon. N. L. Lindsey.

Appeal from a conviction of receiving stolen property; penalty, five years imprisonment in the penitentiary.

The State's case showed that the alleged stolen horses and mules were taken from the pasture of a Mrs. Barnes, where the owner, W. D. Payne, had left them, and where he looked after them. At about the time that they were missed from the pasture, or shortly thereafter, it was found that some one had taken down the wire fence close to a lane leading by the pasture; that on election day one of defendant's accomplices and other parties had been seen riding in said pasture, and that the horses and mules had been seen therein by Mrs. Barnes and others just before these parties were seen taking down the fence and riding in the pasture; that some time afterwards the same animals were recovered in the State of Mississippi, having been shipped there from the county of the prosecution by a firm for whom defendant was working in shipping stock.

The accomplices testified that upon the suggestion of the defendant they took the alleged animals out of said pasture to the shipping pen in said county and shipped them in the night-time; and that the defendant was present and assisted them in doing so, and that they agreed to divide the proceeds; that they cut the belt strap which was around the neck of one of the animals and threw the buckle with which it was fastened into a water tank; that several parties in the employment of the railway were there at the time when the stock was loaded for shipment.

The State also showed by these railway employees that the stock described by the accomplices was loaded for shipment as stated by them. It was also shown by the State that a buckle answering to the description of that testified to by the accomplices was found in said

water tank. The above statement with that contained in the opinion of the court states the case.

*R. L. H. Williams* and *Helton & Jackson,* for appellant.—On question of charge of court: Arcia v. State, 26 Texas Crim. App., 193; Hodge v. State, 41 Texas Crim. Rep., 229. On question of corroboration, Johnson v. State, 42 Texas Crim. Rep., 440.

*Howard Martin,* Assistant Attorney-General, for the State.—On question of corroboration, Martin v. State, 21 Texas Crim. App., 1; Locklin v. State, 8 Texas Ct. Rep., 204; Barber v. State, 5 id., 604.

BROOKS, JUDGE.—Appellant was convicted of receiving and concealing stolen mules and horses, the punishment being fixed at five years confinement in the penitentiary.

The first ground of the motion for new trial complains of the following portion of the court's charge to the jury: "The law further provides if any person shall receive or conceal property which has been acquired by another in such manner as that the acquisition comes within the meaning of the term 'theft,' knowing the same to have been so acquired, he shall be punished in the same manner as by law the person stealing the same would be liable to be punished." The ground of objection is, that the same does not charge the proper punishment—does not charge that the receiving and concealing must be unlawful and fraudulent. Other portions of the charge of the court to the jury instructs them that the receiving must be unlawful and fraudulent. The same objection is urged to the seventh paragraph of the charge.

The main insistence of appellant is that the verdict of the jury is contrary to the evidence, in this, that the law requires the evidence of accomplices should be corroborated, and which is not done. In our opinion the evidence is amply sufficient to corroborate the testimony of the accomplices. The facts show that the accomplices, at the instance of appellant, brought the animals to the stock-pen, and appellant was there and assisted in leading them into the cars; that he got on a horse, went out to where the accomplices were, was seen there by third parties in conversation with the accomplices, and that night the accomplices secured possession of the animals, took them to town, and appellant was there when they were received. It is true no one testifies that appellant opened the gate and permitted the animals to go in, except the accomplices; but the evidence clearly shows that various witnesses were present a short while after the animals were received. The fact that they were sent off in the night, the kind of animals— young mules and a crippled mare—and various facts and circumstances connected with the matter show that degree of criminality on the part of appellant that leads irresistibly to the conclusion that the

testimony of the accomplices is true, and tends strongly to corroborate their statement of the matter. The judgment is affirmed.

*Affirmed.*

[Motion for rehearing overruled without a written opinion.—Reporter.]