FELIX CHORAN v. THE STATE.

No. 3360. Decided February 7, 1906.

**1.—Local Option—Sale Vel Non—Loan.**

On a trial for a violation of the local option law where the evidence showed that defendant informed prosecutor that defendant had a jug of whisky at the depot and lacked a dollar of having enough money to pay it out; the prosecutor let him have a dollar and then went with him to the depot, defendant paid the whisky out and they drove back together with the whisky, defendant telling prosecutor if he wanted some whisky to help himself; prosecutor got a bottle, poured out about a quart of said whisky into it and took it home with him; that after defendant was indicted for the sale of the whisky he told prosecutor that he owed him a dollar, and weeks thereafter paid it to him. Held the court having submitted the issue of a sale vel non, the conviction will not be disturbed.

**2.—Same—Argument of Counsel—Certificate of Judge—Harmless Error.**

Where upon trial for a violation of the local option law the State's attorney remarked that it was strange that the prosecutor let defendant have just one dollar, which was the price of a quart of whisky, etc., and the bill of exceptions is not certified to by the judge that such was the fact, the objection can not be considered on appeal; besides if error it was harmless.

**3.—Same—Charge of Court—Penalty—Verdict.**

Where upon trial for a violation of the local option law the court in his charge in defining the law properly stated the minimum penalty, although the maximum penalty was not properly stated, but the jury found a legal punishment, there was no reversible error; besides the court in a subsequent portion in his charge applied the law to the facts and properly stated the punishment.

Appeal from the County Court of Erath. Tried below before Hon. M. J. Tompson.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

*Ben Palmer,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, Judge.—Appellant was convicted of violating the local option law, and his punishment assessed at a fine of $25 and twenty days confinement in the county jail; hence this appeal.

The facts succinctly stated show that appellant had a gallon package of whisky at the express office. He met prosecutor, Lewis Russell on the streets of Stephenville, who informed him that he had a jug of whisky at the Frisco depot, and he lacked a dollar of having enough money to pay it out. Prosecutor let him have a dollar, and then went with him in a delivery wagon, and drove to the Frisco depot, and appellant paid the whisky out, put it in the delivery wagon, and drove back together in the delivery wagon with the whisky to the wagon yard. They carried the jug into the feed-house, and appellant told prosecutor if he wanted some of the whisky to help himself. Prosecutor got a bottle, poured out about a quart of said whisky into the bottle, and took it home with him. It appears that after this, and after appellant was indicted for the sale of said whisky, he told prosecutor that he owed him a dollar. Some several weeks after that occasion, prosecutor went to appellant and asked him for the dollar, and he paid it to him. This is in substance all the material facts in the case in connection with the alleged sale of the whisky.

Appellant contends that these facts do not show a sale, but a mere loan by the defendant; and in this connection he insists that all of the authorities in this State show that where whisky has been held by this court to have been sold under circumstances somewhat similar to this, that there was a prior agreement before the whisky was taken out to let the party have the whisky for the loan. He cites Ashley v. State, 10 Texas Ct. Rep., 271; Hillard v. State, 13 Texas Ct. Rep., 520; and on the same line we refer to Beall v. State, 12 Texas Ct. Rep., 801; Dunn v. State, 12 Texas Ct. Rep., 803. While this may be true, still we do not understand these authorities or others to hold that the circumstances may not show a sale, though no express language was used prior to taking the whisky out of the express office suggesting a sale. We think a sale may be either express or implied. Evidently in a matter of this sort, especially where the parties were seeking to evade the law, a sale would not be mentioned, and it could only be gathered from the acts and conduct of the parties, and perhaps in the very face of their expressions. Here a loan was mentioned; but almost immediately after the whisky was taken out of the express office, the parties drove to the feed-stable, and there a quart of whisky is delivered to prosecutor by appellant, who claims that a loan was extended to him by prosecutor. Nothing is said when this money is to be repaid when the loan was extended, and nothing is done in regard to said repayment until after the indictment is lodged against appellant; and then the matter of a

loan. is brought up, and the money is repaid. We believe that the conduct of the parties, in connection with this transaction, including the delivery of the whisky and the repayment of the money after indictment, constituted sufficient evidence on which the issue of sale vel non was raised. The court submitted this issue to the jury, and told them if it was a loan to acquit appellant. They found it was a sale, and we believe the evidence sustains this view of the case.

Appellant complains of certain arguments of the county attorney to the jury, to wit: "It is a strange thing to me, gentlemen, that Russell let defendant have just one dollar, which was the exact price of a quart of whisky; and then defendant let him have a quart of whisky. It looks to me very much like a sale of a quart of whisky." The bill shows that these remarks were objected to on the part of appellant on the ground, as stated, that there was no proof in the record that the whisky gotten from defendant by Russell was a quart. This is a mere ground stated in the bill, and not a certificate by the judge that such was the fact. If we recur to the proof it shows that the witness stated it was about a quart. It is also stated that objection was made upon the further ground that there was no proof whatever as to the value of the quart of whisky. The same observation applies to this portion of the bill; that is, this is not tantamount to a certificate of the judge that the ground stated was a fact. It may be conceded, however, that the argument was not authorized; but it does not occur to us that it is of that character which would authorize a reversal of the case.

Appellant also objected to the charge of the court on the ground that the penalty was not properly stated. It has been held by this court that where the minimum penalty was stated correctly, although the maximum may not have been stated correctly, and the jury found a legal punishment, it is not reversible error. Lovejoy v. State, 48 S. W. Rep., 520; O'Docharty v. State, 57 S. W. Rep., 657. But more than this, in a subsequent portion of the charge where the court applied the law to the facts, the error is cured and the penalty properly stated. There being no error in the record, the judgment is affirmed.

*Affirmed.*