### R. WOODLAND v. THE STATE.

No. 208.     Decided December 1, 1909.

**1.—Aggravated Assault—Alibi.**

Where, upon trial for aggravated assault, the evidence did not raise the issue of an alibi, there was no error in the court's failure to charge thereon.

**2.—Same—Jury and Jury Law.**

Where, upon appeal from a conviction of aggravated assault, appellant complained that the foreman of the jury was prejudiced against him, and it appeared that these matters were not inquired into before the juror was taken upon the jury, there was no error.

**3.—Same—Newly Discovered Evidence—Impeaching Testimony.**

Where, upon appeal from a conviction of an aggravated assault, the alleged newly-discovered testimony was of an impeaching character, touching the general reputation of the character of prosecutrix for virtue and chastity, and it appeared that such testimony could have been discovered by due diligence, there was no error.

**4.—Same—Charge of Court—Punishment.**

Where, upon trial for aggravated assault, the court, in defining the punishment for aggravated assault, misstated the law as to the minimum punishment, but correctly applied the law to the facts, there was no error.

**5.—Same—Sufficiency of the Evidence.**

Where the evidence supported the conviction of aggravated assault the same will not be disturbed.

Appeal from the County Court of Smith. Tried below before the Hon. J. A. Bulloch.

Appeal from a conviction of aggravated assault; penalty, a fine of $100.

The testimony for the State showed that the defendant came to the house of the prosecutrix, in the absence of her husband, and insisted on having carnal intercourse with her, which she refused;

that the defendant then took hold of the hand of the prosecutrix and tried to pull her over into his lap; that she pulled away from him and told him that she would go into the room and get a gun and shoot him; that defendant got in the door and stood there and would not let her into the room; that he then left and invited prosecutrix to come and see his wife, which she refused; that prosecutrix was greatly frightened and humiliated by defendant's conduct and actions.

The defendant by his own testimony and that of his witnesses contended that he went to prosecutrix's house to get some catnip tea for a sick baby, etc., and denied making the assault upon prosecutrix.

*W. F. Boyette,* for appellant.—On question of court's charge in defining punishment: . Arcia v. State, 28 Texas Crim. App., 198; Johnson v. State, 29 Texas Crim. App., 150; Johnson v. State, 30 Texas Crim. App., 419.

*F. J. McCord,* Assistant Attorney-General, and *Roy Butler,* County Attorney of Smith County, for the State.—On question of the court's charge in defining the punishment: Choran v. State, 49 Texas Crim. Rep., 301, 92 S. W. Rep., 422; Sexton v. State, 49 Texas Crim. Rep., 253, 92 S. W. Rep., 37; O'Docharty v. State, 57 S. W. Rep., 657; Lovejoy v. State, 40 Texas Crim. Rep., 89, 48 S. W. Rep., 520; Leal v. State, 46 Texas Crim. Rep., 344, 81 S. W. Rep., 961; Parker v. State, 43 Texas Crim. Rep., 526, 67 S. W. Rep., 121; Stokes v. State, 49 Texas Crim. Rep., 99, 90 S. W. Rep., 179; Butler v. State, 49 Texas Crim. Rep., 234, 91 S. W. Rep., 794; Zion v. State, 61 S. W. Rep., 306.

BROOKS, JUDGE.—Appellant was convicted of aggravated assault, and his punishment assessed at a fine of $100.

1. Appellant insists in his motion for a new trial the court erred in failing to charge on alibi. This issue is not suggested by the evidence.

2. Appellant complains that the foreman of the jury was much prejudiced against the defendant, he being related to the bitter enemy of the defendant as shown by the affidavit of Mrs. Woodland attached hereto and made a part of this motion. There is nothing in the affidavit that suggests any legal prejudice against defendant. These are matters that could have been inquired into by the appellant before the juror was taken upon the jury.

3. Appellant complains the court erred in not granting him a new trial because of the newly discovered evidence of Mr. Greathouse as shown by affidavit attached, which affidavit reflects upon the character of prosecutrix, and in which affidavit the affiant swears the prosecu-

trix's general reputation for virtue and chastity in the community where she lived was bad. This evidence would not come within the rule authorizing a new trial on the ground of newly discovered evidence, since it could have been discovered by the exercise of due diligence. Furthermore, it is impeaching in its character.

4. Appellant further complains the court misdirected the jury as to the punishment. The charge complained of is as follows: "The punishment for an aggravated assault and battery is by fine not less than twenty nor more than one thousand dollars, or by imprisonment in the county jail not less than one month nor more than two years, or by both such fine and imprisonment." In a subsequent portion of the charge, in applying the law to the facts, the court correctly stated the minimum penalty to be $25. This certainly cures any possible error in the court's charge. See Choran v. State, 49 Texas Crim. Rep., 361, 92 S. W. Rep., 422; Sexton v. State, 49 Texas Crim. Rep., 253, 92 S. W. Rep., 37; Lovejoy v. State, 40 Texas Crim. Rep., 89, 48 S. W. Rep., 521; Leal v. State, 46 Texas Crim. Rep., 344, 81 S. W. Rep., 961; Parker v. State, 43 Texas Crim. Rep., 526, 67 S. W. Rep., 121; Stokes v. State, 49 Texas Crim. Rep., 99, 90 S. W. Rep., 179.

5. Appellant insists the evidence is insufficient to support the verdict. The evidence is ample, and the charge of the court is correct.

The judgment is in all things affirmed.

*Affirmed.*