LEONARD WILSON v. THE STATE.

No. 19144. Delivered December 8, 1937.

The opinion states the case.

*Jack Ross,* of Monahans, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of the offense of robbery by the use of firearms, and his punishment was assessed at confinement in the state penitentiary for a term of fifteen years.

Appellant's only complaint is that the court erred in declining to instruct the jury on the law of circumstantial evidence. If the case rested entirely upon circumstantial evidence, then his contention would be correct. But we do not believe that the record sustains appellant's contention. The testimony shows that on the night of November 20, 1936, a group of young people went out from the town of Monahans to an old dismantled oil tank where they turned on the radio of their car and began to dance on the cement floor. While thus engaged a person in an old Ford car drove up, got out of the car with a shotgun, commanded the young folks to line up with their backs towards him, and then commanded them to throw their money at a certain place where he picked it up and then got into Maxine Groves' car and drove away. Russell Elithorpe, one of the group that was lined up by the would-be robber, positively identified appellant as the man who robbed them. We quote from his testimony as follows:

"The man who had that shotgun that night is in the courtroom. He is right there. He is the man that had the shotgun that night. I positively identify him now as the man. This man named Wilson. He looks exactly like the man and he is the man to my notion."

The testimony further shows that on the particular day appellant was in the town of Monahans and borrowed a 410 double barrell shotgun from a Mexican which he never returned. In the old Ford car left at the scene of the alleged offense the officers found a shotgun shell which fitted a 410 shotgun. The

car left at the place of the commission of the offense was identified by the Mexican as the car which appellant was driving on that day. We believe that the testimony of Elithorpe takes the case out of the realm of circumstantial evidence. It is a well established and recognized rule in this State that where there is direct evidence from any source that the defendant committed the offense charged, it is not necessary to instruct the jury on the law of circumstantial evidence because the intent with which the offense was committed is only to be inferred from circumstances. See Russell v. State, 38 Texas Crim. Rep., 590 (596); Alexander v. State, 40 Texas Crim. Rep., 395 (407), 49 S. W., 229; Dobbs v. State, 103 S. W., 918; Strickland v. State, 161 S. W., 110; Egbert v. State, 176 S. W., 561; Guerrero v. State, 171 S. W., 731.

The record further shows that sometime after the commission of the offense appellant was arrested at Wichita, Kansas. The sheriff of Ward County accompanied by one of his deputies went to Wichita to bring appellant back and while there they found Maxine Groves' car in which the robber fled from the scene of the offense.

No reversible error appearing in the record, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.