# MARCH 9, 1938

### RAY BURNS V. THE STATE.

No. 19240.   Delivered March 9, 1938.

The opinion states the case.

*M. E. Lawrence,* of Eastland, and *Fred O. Jaye,* of De Leon, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for rape, punishment assessed being five years in the penitentiary.

The judgment was affirmed in an opinion delivered the 8th day of December, 1937. In appellant's motion for rehearing our attention is called to an inaccurate statement of a fact in said opinion, and the same will be withdrawn and the following substituted therefor.

The indictment charged rape upon Dorothy Lee Raney, alleging that she was "a female then and there under the age of 15 years, and a female then and there under the age of 18 years."

The testimony of prosecutrix made out a case of rape. She claimed to have been knocked down twice by appellant before he accomplished the act of intercourse, and the next day when examined by physicians she was considerably bruised and had a black eye, which injuries were described by them. They also testified that there had been penetration of her person. Appellant introduced evidence which if believed by the jury would have raised the issue that prosecutrix may have had intercourse with some one other than appellant some hours prior to his claimed act with her. This conduct with another party was denied by prosecutrix, and evidently the jury did not believe it occurred.

Prosecutrix testified that she was born on November 12, 1921, which, if true, showed that she was under 15 years of age at the time of the act of appellant. The State then introduced a certified birth certificate from the Texas State Department of Health and Bureau of Vital Statistics which purported to have been signed by Dr. W. P. Lee, and filed on January 2d, 1922, which birth certificate contained the name of Dorothy Lee Raney (prosecutrix) and gave the date of her birth as

November 12, *1920*. The State then produced Dr. Lee who testified that he waited on the mother of prosecutrix in childbirth on November 12, 1921, at which time a girl baby was born; that he fixed the date by his book of original entry; that he did not know what the parents named said baby girl.

Appellant testified, admitting the opportunity, but denying any act of intercourse.

Article 1183, P. C., as amended in 1918, Acts 4th Called Session, page 123, provides, among other things, that he is guilty of rape who has "carnal knowledge of a female under the age of eighteen years other than the wife of the person with or without her consent and with or without the use of force, threats or fraud; provided that if she is fifteen years of age or over the defendant may show in consent cases she was not of previous chaste character as a defense."

In submitting the case to the jury the trial court restricted the question of rape to an act of intercourse with a female under the age of fifteen years, even ignoring the eighteen years in the general definition of rape. In applying the law to the facts he required the jury to find beyond a reasonable doubt that Dorothy Lee Raney was under the age of fifteen years, and specifically told the jury if they had a reasonable doubt as to whether she was under fifteen years of age to acquit.

No special charges were requested. Two of the written objections to the court's charge were that the "charge fails to charge all of the issues raised in this case," and "fails to charge the law relative and applicable to the offense as alleged in this case." The trial court was not advised by said objections in what respect the charge given was thought to omit instruction on some issue believed to have been raised, or in what particular it failed to charge the law applicable to the case as alleged. Such objections could be dismissed as too general and not in compliance with Article 658, C. C. P., which requires that objections to the charge shall distinctly specify each ground of objection. For a discussion of this subject with citation of many authorities see 4 Tex. Jur., Sections 51 and 52, pages 80-83. If appellant was undertaking to complain that one who had intercourse with a female between the ages of fifteen and eighteen years could interpose the defense that the female had had prior acts of intercourse, then we believe, even had such objection been specific, there would have been no merit in it, as the court did not under the instructions given permit a conviction under any circumstances if the female was over fifteen years of age, but directed an acquittal if the jury so found.

The court instructed the jury as follows: "You are further

instructed that a person who has had intercourse with a female, under fifteen years of age, can not justify his acts on the ground that she may have had intercourse with other men; but the fact of such previous intercourse, if any, may be considered in mitigation of the penalty, if any, to be imposed. In this case, if you shall find the defendant guilty beyond a reasonable doubt, but you should further find that the prosecuting witness, Dorothy Lee Raney, had intercourse with a man or men other than the defendant prior to the occasion alleged in the indictment, then, and in that event, you may consider such fact of former intercourse on the part of such prosecuting witness for the sole purpose of determining the penalty, if any, you may assess against the defendant."

Appellant objected to the foregoing instruction as follows: "The defendant objects to that portion of said charge which attempts to instruct the jury that a person who has had intercourse with a female under fifteen years of age, can not justify his acts on the ground that she had intercourse with other men; but the facts of such previous intercourse, if any, may be considered in mitigation of the penalty if any to be imposed, etc., for the reason that said charge being upon an issue in which the court necessarily instructs upon the weight of the testimony and assumes and so charges that this defendant had intercourse with the prosecuting witness."

We observe that any limiting charge is in a way of necessity on the weight of the evidence, but we fail to perceive how the instruction complained of could be construed in any way other than as favorable to appellant. It would be otherwise if the court had authorized a conviction if prosecutrix was over fifteen years of age, for if between fifteen and eighteen, and she had prior acts of intercourse than the one alleged it would be a complete defense, but where the court had permitted a conviction only in event prosecutrix was under fifteen it was certainly to his benefit, of which he could not complain, for the court to specifically tell the jury if prosecutrix had previously had intercourse with another they could consider it in mitigation of the punishment.

The suggestion was made in oral argument, however, that it was an undue limitation of the use the jury might make of the evidence because they had a right to consider the evidence of the claimed prior intercourse by prosecutrix with a party other than appellant, as explaining the condition of her privates as found by the physicians on the following day. The charge complained of was not excepted to as being an improper limitation against appellant's interests. Article 658, C. C. P. (1925),

requires that such exception shall distinctly specify each ground of objection. We think the exception urged was not sufficient to call the court's attention to the matter suggested in argument.

We find in the transcript eight bills of exception, none of which may be considered. They seem to have no place in the record as the trial judge certifies that he declined to approve each of said bills for the reason that it was not presented within the time required by law.

The facts appear to be ample from the State's standpoint to support the verdict.

Finding no error in the record, the judgment is affirmed.