MRS. ESTER MULLINS HEBERT V. THE STATE.

No. 19451.   Delivered March 9, 1938.

The opinion states the case.

*Denman & Fowler,* of Nacogdoches, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for possessing for the purpose of sale in dry territory malt liquor containing more than one-half of one per cent. of alcohol by volume, punishment being a fine of five hundred dollars and six months in the county jail.

It was alleged in the complaint and information that appellant possessed the liquor for sale in Nacogdoches County, which was alleged to be dry territory by virtue of an election held in said county in 1906 which resulted in prohibiting the sale of intoxicating liquor therein.

The point is made that the result of the election mentioned prohibited the sale of intoxicating liquor, but did not prohibit the possession of liquor for the purpose of sale. This question has been decided against appellant's contention too frequently to demand consideration further than to cite some of the cases. Price v. State, 109 S. W. (2d) 198; Ferguson v. State, 110 S. W. (2d) 61; Cropper v. State, 111 S. W. (2d) 709.

It was alleged in the complaint and information that appellant was not the holder of an industrial nor medicinal permit. It is urged that because the State failed to make any proof of

these negative averments the State's case failed, and the court should have instructed a verdict of acquittal. It has been held in many cases that it is not necessary to negative the statutory exceptions which excuse holders of industrial or medicinal permits. Baker v. State, 106 S. W. (2d) 309; Garner v. State, 109 S. W. (2d) 182; Wood v. State, 109 S. W. (2d) 756; Fogle v. State, 111 S. W. (2d) 246; Park v. State, 111 S. W. 249; Parker v. State, 106 S. W. (2d) 313; Morris v. State, 106 S. W. (2d) 314; Taylor v. State, 106 S. W. (2d) 1056. The State's pleading charging a complete offense without the necessity of negativing the exceptions mentioned, the averment of such exceptions may be treated as surplusage, and the State was not required to prove them.

Acting under a search warrant officers found in appellant's house on ice 16 cans of Pabst beer, and within 65 yards of the house in tow sacks they found 66 more cans of the same kind of beer. Appellant admitted the beer found in the house belonged to her, which she claimed to have for her personal use, and denied ownership of the 66 cans found near her house. The beer contained more than one-half of one per cent. of alcohol. Evidence in the record, not necessary to detail, supported the jury's finding that she possessed the beer for the purpose of sale.

The trial court incorporated appellant's defense in his main charge, and gave three special charges upon the subject requested by appellant.

The only two bills of exception in the record complain of argument of the prosecuting attorney. We discover nothing improper in either of the arguments complained of.

The judgment is affirmed.