BILL McVICKER v. THE STATE.

No. 20433. Delivered May 24, 1939.
Rehearing Denied June 21, 1939.

The opinion states the case.

*E. T. Adams,* of Glen Rose, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, Judge.

Conviction is for selling whisky in dry territory, punishment being by fine of one hundred dollars.

It was alleged by proper averments in the complaint and information that Somervell County was dry area as a result of an election held in September, 1906; that appellant in said county sold to R. I. Deckert one pint of whisky on or about

January 8, 1938. It was further averred that appellant was not the holder of either an industrial or medicinal permit. The State offered no proof upon the negative averments mentioned. Under the present statute it was wholly unnecessary for the State to have included in its pleadings allegations negativing the holding of the permits mentioned. The State's pleading charged a complete offense without such averments, and they may be treated as surplusage not necessary to be proven. Herbert v. State, 134 Tex. Cr. R. 112, 114 S. W. 549, and cases therein cited.

R. I. Deckert and E. J. Chatham were working as Inspectors of the Liquor Control Board. Appellant was operating the White Rock Filling Station situated about one mile east of Glen Rose. Early in the evening of January 8, 1938, Deckert and Chatham purchased from one Gardner, who was an employee at the filling station, a pint of whisky, paying him $1.25. When Gardner was given the money he went toward the front of the place. The inspectors also bought two bottles of 7-Up. About 11:45 that night they returned to the filling station and sought to buy another pint of whisky. Gardner told them he did not have any more like they had gotten earlier in the evening, but had some other kind which was $1.50 per pint. Gardner then talked to appellant, but witness could not hear the conversation. After talking to appellant Gardner went upstairs and came back with a pint of whisky which he delivered to Deckert in the toilet, and when offered the money for it Gardner directed Deckert to pay appellant, who took the money (two dollars) and gave back sixty cents, being the fifty cents change for the whisky and ten cents for the deposit on the two 7-Up bottles which were returned. During the money transaction the pint of whisky was sitting on the bar where Deckert had placed it in plain view of appellant. No testimony was offered for appellant, who did not testify.

It appears from a bill of exception that after Deckert had testified to the first transaction with Gardner appellant objected to the development of the second transaction, urging that it was an extraneous offense. The rule is that if the testimony develops more than one transaction the State may be required to elect as to which one it will rely on for a conviction. (See Branch's Ann. Tex. P. C., p. 233, Sec. 444). The State elected to rely on the transaction which occurred at the second visit of the inspector. At appellant's request the jury were instructed not to consider the evidence as to the first transaction. No error is shown by said bill.

Another bill of exception reflects that while the witness Deckert was being examined in chief the County Attorney asked him what sort of business appellant was conducting at the White Rock Filling Station, to which the witness replied that it was his information that appellant was running a bootlegging joint. Upon objection being urged the court orally instructed the jury to disregard the answer. Appellant brings the complaint forward urging that the instruction could not cure the error. In the light of the record the incident does not seem to have injured appellant. He had no defense, at least none is presented in the record, and the jury assessed the lowest fine.

Appellant complains because no charge on circumstantial evidence was submitted. If the State had elected to prosecute on the first transaction the failure to charge on circumstantial evidence would have raised a serious question. As to the transaction upon which the State relied it does not occur to us that the question of circumstantial evidence is present.

We fail to find any error upon which a reversal may be predicated.

The judgment is affirmed.

## ON APPELLANT'S MOTION FOR REHEARING.

KRUEGER, Judge.

Appellant, in his motion for a rehearing, earnestly insists that this court erred in declining to sustain his contention that the trial court erred in failing to submit his special requested instruction on the law of circumstantial evidence.

If the State's case had rested wholly upon circumstantial evidence, then his position would be well taken, but such is not the case. Consequently, the failure of the trial court to give said instruction or one of like import was not error. See Wilson v. State, 133 Tex. Crim. Rep., 347; 111 S. W. (2d), 261; Tyner v. State, 133 Tex. Crim. Rep., 170; 109 S. W. (2d), 197; Boyd v. State, 117 S. W. (2d) 457.

The motion for a rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.