## CLARENCE LANDROM V. THE STATE.

No. 22309. Delivered December 2, 1942.

The opinion states the csse.

*Sam T. Holt,* of Carthage, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

Appellant was convicted for the offense of possessing whisky in a dry area for the purpose of sale, and his punishment was assessed at a fine of $100.00.

It appears from the complaint and information that Fred Menchen, Frank Maddison and appellant were jointly charged with the offense of the possession of whisky in a dry area for the purpose of sale. Upon motion, a severance was granted and appellant alone was put on trial which resulted in his conviction as above stated.

There is no statement of facts or any bills of exception in the record. However, we find some objections to the court's charge but if the same were ever presented to the trial court, the record fails to reflect any action thereon by the court or any exceptions by appellant to the court's action relative thereto.

The charge may not be an accurate application of the law to the facts but in the absence of a statement of facts, as well as any specific objection pointing out the claimed error in the court's charge and in the absence of the submission of special requested charges on the subject showing that the court declined to heed the objections and also declined to submit the special requested charges to which timely exceptions were taken, there is nothing presented for review. See Robbins v. State, 60 Tex. Cr. R. 523, 132 S. W. 770; Brown v. State, 73 Tex. Cr. R. 571, 166 S. W. 508; Teem v. State, 79 Tex. Cr. R. 285, 183 S. W. 1144; Simpson v. State, 87 Tex. Cr. R. 277, 220 S. W. 777.

No error being reflected by the record, the judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.