RICHARD SOTO V. STATE

No. 27,385. February 2, 1955
Motion for Rehearing Denied
(Without Written Opinion) March 16, 1955

*Kelly, Hunt* and *Cullen,* by *Joe E. Kelly,* Victoria, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for robbery; the punishment, fifteen years in the state penitentiary.

The indictment, in charging the offense, alleged the exhibition of a firearm, which allegation was, with leave of the court, dismissed by the state.

William Coleman, a Negro man, who was the victim of the alleged robbery, testified that while he was sitting in front of a grocery store in the city of Cuero on the early morning of May 1, 1954, the appellant and another man drove up in a car, stopped, and called him to the car; that when he went to the car appellant pointed a pistol at him and told him that he wanted his billfold; that when he showed appellant his billfold and told him he did not have anything in it, appellant then stated, "Well, give me that watch"; that he then took off his wrist watch and handed it to the appellant who at the time was pointing a pistol in his face.

The witness further testified that the reason he gave appellant the watch was because he was afraid appellant was going to shoot him.

The evidence shows that after the watch was given to the appellant, he and his companion drove away, and a short time thereafter were arrested by two policemen of the city of Cuero who had been informed of the incident by Coleman, and that upon a search of the two, the watch and pistol were found on the person of the appellant's companion, Danny Hernandez.

Appellant, after his arrest, made and signed a written confession, which was introduced in evidence, in which he admitted taking the watch from the prosecuting witness at the point of a gun.

As a witness in his own behalf, appellant admitted his participation in the robbery but explained the incident by testifying that it was intended as a joke or prank upon the Negro man. Appellant testified that he and his companion thought that the

prosecuting witness was drunk and decided to play a joke upon him; that when the Negro came to the car he cursed the appellant and that was when appellant picked up the gun; that thereupon the Negro man got scared and threw the watch into the car. Appellant denied that he threatened the prosecuting witness or that he asked him for the watch, and testified that he did not intend to rob him.

Appellant insists that the trial court failed to charge all the law applicable to the facts in the case and particularly that the trial court erred in failing to instruct the jury as to the law on the question of appellant's intent to rob and submit such issue to the jury.

The record shows that appellant filed the following objection to the charge:

"The defendant objects generally to the charge as submitted to the jury in that it fails to fully inform the jury on the law applicable in the present state of the record to the above entitled and numbered cause."

It is upon this objection that appellant's complaint of the charge is predicated.

The court's charge, in submitting the issue of appellant's guilt, required the jury to find that appellant did commit the assault on William Coleman as alleged, and by violence and by putting the said Coleman in fear of life or bodily injury, did fraudulently take from the possession of Coleman the watch with the intent to appropriate the same to his own use and benefit.

Appellant's objection to the charge is not properly presented for review because the objection was a general one and did not specifically point out to the court wherein the charge had failed to instruct the jury on the law applicable to the facts of the case. Lewis v. State, 117 Texas Cr. R. 477, 39 S.W. 2d 1025; Burns v. State, 134 Texas Cr. R. 106, 114 S.W. 2d 576; and DeYoung v. State, No. 27,149, 160 Texas Cr. Rep. 628, 274 S.W. 2d 406.

Appellant next complains of certain jury argument made by the prosecuting attorney. Such argument and appellant's objections thereto are set out in the statement of facts and indexed therein as Bill of Exception No. 7.

These objections to jury argument will not be considered because not properly presented.

It has been held that objections to jury argument cannot be preserved as a part of the statement of facts but must be presented by an independent bill of exception. Art. 759a, C.C.P.; Phillips v. State, 159 Texas Cr. R. 286, 263 S.W. 2d 159; and Hall v. State, 159 Texas Cr. R. 342, 263 S.W. 2d 563.

Appellant's informal bills of exception indexed in the statement of facts have been considered and no error is shown therein.

The judgment is affirmed.

Opinion approved by the Court.