Alfredo RIVAS and Efrain Rivas, Appellant,

v.

The STATE of Texas, Appellee.

No. 46205.

Court of Criminal Appeals of Texas.

June 27, 1973.

J. Grant Jones, Corpus Christi, John H. Miller, Jr., Burnett & Burnett, Sinton, for appellant.

Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

The appellants were convicted at the same trial. Efrain Rivas was convicted for the offense of murder and his punishment was assessed at eight years. Alfredo Rivas was convicted for the offense of murder without malice, and his punishment was assessed at five years.

Two grounds of error are urged, the first asserts that "The conviction is not supported by the verdict."

Under this ground of error the appellants argue that the court omitted the word "voluntarily" in its charge in the application of the law of murder with malice aforethought. The contention is that "voluntariness" is an indispensable element of the offense of murder and leaving it out of the charge rendered the same defective.

As to the conviction of Alfredo Rivas, the contention is without merit as he was convicted for the offense of murder without malice.

As to the conviction of Efrain Rivas, the charge contains the following:

"Now, therefore, as to the defendant, Efrain Rivas, if you believe from the evidence beyond a reasonable doubt that he, Efrain Rivas, acting alone or together with Alfredo Rivas as a principal, as that term is defined in Paragraph 4 of this charge, did unlawfully with malice aforethought kill Domingo Garcia, in San Patricio County, Texas, on or about June 25, 1971, by stabbing him with a knife, then you will find the defendant, Efrain Rivas, guilty of murder with malice aforethought."

Thus, such paragraph does not contain the word "voluntarily".

However, Paragraph 1 of the court's charge states: "Whoever shall voluntarily kill any person within this State shall be guilty of murder." Therefore, the jury was informed that an essential element of the offense of murder is that the killing be "voluntary". See Hinkle v. State, Tex.Cr.App., 442 S.W.2d 728; Sanders v. State, Tex.Cr.App., 402 S.W.2d 735.

Further, the court instructed the jury in the instant case: "You are instructed that an intent to kill is an essential element of

murder." And, as to Efrain Rivas, the court charged the jury:

"... unless you further believe from the evidence beyond a reasonable doubt that in so doing the defendant (Efrain Rivas) then and there had the intent to kill the deceased, then you cannot convict him of murder; . . ."

Therefore, the error, if any, in omitting the word "voluntarily" in the application in the charge regarding murder with malice was cured by the instruction to the jury that they must find an intent to kill. Miller v. State, 112 Tex.Cr.R. 125, 13 S.W.2d 865.

Also, the record fails to reveal a written requested charge or a written objection to the charge in regard to the omission of the word "voluntarily" in the court's application of murder with malice aforethought, as is required by Article 36.14 and Article 36.15, Vernon's Ann.C.C.P.

By their second ground, the appellants contend that:

"The trial court reversibly erred in refusing to require the State to elect which of two evidence-supported offenses within the allegations of the indictment it would seek to convict . . ."

They argue that they acted either directly or participated together as principals and the state should be required to elect under which transaction the prosecution would be had.

Where the indictment or information contains only one count, the state is required to elect only where the evidence discloses two or more transactions, each of which is an offense for which the defendant may be convicted. See, e. g. De La Garza v. State, Tex.Cr.App., 379 S.W.2d 904; McVicker v. State, 137 Tex.Cr.R. 376, 129 S.W.2d 650; Roddy v. State, 118 Tex.Cr.R. 315, 40 S.W.2d 129. See generally, 56 Tex.Jur.2d, Trial, Sec. 185, pp. 528–530.

Here, the indictment charges that Alfredo Rivas and Efrain Rivas acting together on or about the 25th day of June, 1971, did voluntarily and with malice aforethought kill Domingo Garcia by stabbing him with a knife. The evidence developed that the two appellants attacked Garcia and that Garcia died as the result of a knife wound received during the fight. Since there is only one transaction and offense developed by the evidence, appellant's request that the state elect was properly refused.

We note that the "Sentence" with regard to Alfredo Rivas incorrectly states:

"... who has been adjudged guilty of *murder with malice aforethought* a felony, and whose punishment has been assessed at confinement in the Texas Department of Corrections for *eight (8) years* . . . shall be confined in said Department of Corrections for not less that *Two (2) years* nor more than *eight (8) years* . . ."

It should state:

"... who has been adjudged guilty of *murder without malice aforethought* a felony, and whose punishment has been assessed at confinement in the Texas Department of Corrections for *five (5) years* . . . shall be confined in said Department of Corrections for not less than *two (2) years* nor more than *five (5) years* . . ."

It is therefore ordered that the sentence be reformed to so read.

As to Alfredo Rivas, as reformed, the judgment is affirmed; and, as to Efrain Rivas, the judgment is affirmed.