**Sammie MENDOZA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 56207.**

Court of Criminal Appeals of Texas, Panel No. 1.

Feb. 21, 1979.

William W. McNeal, Luling, for appellant.

William L. Schroeder, Dist. Atty., New Braunfels, Jeffrey L. Van Horn, Asst. Dist. Atty., Lockhart, for the State.

Before ONION, P. J., and PHILLIPS and TOM G. DAVIS, JJ.

## OPINION

PHILLIPS, Judge.

This is an appeal from a conviction for delivery of heroin. Punishment was assessed at five years' imprisonment.

We note at the outset a fundamental error which requires the reversal of this conviction in the interest of justice. See Articles 40.09(13) and 36.19, V.A.C.C.P.

Appellant was charged by indictment with "knowingly and intentionally deliver[ing] to Gladys Thomas a controlled substance, namely: heroin, . . ."

The court's charge to the jury at the guilt and innocence phase wherein it applied the law of the State to the facts of this cause reflects:

> Therefore, if you believe from the evidence beyond a reasonable doubt that the defendant, Sammie Mendoza, did, in Caldwell County, Texas, on or about the 3rd day of September, A.D.1976, deliver to Gladys Thomas a controlled substance, to-wit: heroin, you will find the defendant guilty.

It is abundantly clear that the trial court in delivering this charge to the jury failed to include the required culpable mental state of either "knowingly" or "intentionally." Such an omission is fatal.

Article 4476–15, Section 4.03(a), V.A.C.S., provides in pertinent part that "a person commits an offense if he knowingly or intentionally manufactures, delivers or possesses with intent to manufacture or deliver a controlled substance . . ." This offense clearly requires a culpable mental state. See also V.T.C.A., Penal Code, Section 6.02. The culpable mental state of either "knowingly" or "intentionally" is an essential element to the offense of delivery of a controlled substance.

To permit the jury to convict the appellant of the offense of delivery of heroin without requiring it to find beyond a reasonable doubt that he delivered the heroin "knowingly" or "intentionally" was to authorize the jury to convict the appellant of a nonexistent offense under the laws of this State. Such a procedure is clearly calculated to injure the rights of the appellant. See *Dowden v. State*, Tex.Cr.App., 537 S.W.2d 5; *Robinson v. State*, Tex.Cr.App., 553 S.W.2d 371; *Jones v. State*, Tex.Cr. App., 566 S.W.2d 939; *West v. State*, Tex. Cr.App., 567 S.W.2d 515.

The judgment is reversed and the cause remanded.