**Dwight PORTER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 59794.**

Court of Criminal Appeals of Texas, Panel No. 2.

Nov. 21, 1979.

Rehearing Denied Oct. 15, 1980.

Ward Casey, Donald S. Gandy, Fort Worth, for appellant.

Tim Curry, D. A., Marvin Collins and William D. Kane, Jr., Asst. Dist. Attys., Fort Worth, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, TOM G. DAVIS and CLINTON, JJ.

## OPINION

TOM G. DAVIS, Judge.

Appeal is taken from a conviction of aggravated robbery. The jury found appellant to be guilty. Punishment was enhanced by a prior robbery conviction and set by the jury at life in prison. Appellant contends that the trial court erred by failing to charge the jury on the requisite culpable mental state for the offense of aggravated robbery.

Appellant was charged by indictment which stated:

" . . .

"Count Three: And it is further presented in and to said court that the said Dwight Porter, in the County of Tarrant and State aforesaid, on or about the 31st day of May, 1977, did then and there unlawfully, *intentionally* and *knowingly* while in the course of committing theft and with intent to obtain and maintain control of property of the owner, Billy Fred Lanford, to—wit: one firearm, without the effective consent of Billy Fred Lanford and with intent to deprive Billy Fred Lanford of said property , did then and there intentionally and knowingly cause serious bodily injury to Billy Fred Lanford by striking him on the head with a wrench;" [Emphasis added.]

The court's charge to the jury at the guilt and innocence phase wherein it applied the law to the facts of the case recites:

"Now, if you find from the evidence beyond a reasonable doubt that in Tarrant County, Texas, on or about the 31st day of May, 1977, the defendant did then and there while in the course of committing theft and with intent to obtain or maintain control of property of Billy Fred Lanford, to—wit, one firearm, without the effective consent of the said Billy Fred Lanford, and with the intent to deprive the said Billy Fred Lanford of said property, .did then and there cause serious bodily injury to Billy Fred Lanford by striking him on the head with a wrench then you will find the defendant guilty of the offense of aggravated robbery.

"Unless you so find from the evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will find the defendant not guilty."

The charge failed to include the required culpable mental state of "knowingly" or "intentionally." Such an omission is fatal. V.T.C.A. Penal Code, Secs. 29.02 and 29.03. See, *Mendoza v. State*, 577 S.W.2d 240 (Tex. Cr.App.); *Holloway v. State*, 583 S.W.2d 376 (Tex.Cr.App.); *West v. State*, 567 S.W.2d 515 (Tex.Cr.App.); *Thompson v. State*, 574 S.W.2d 103 (Tex.Cr.App.); *Ely v. State*, 582 S.W.2d 416 (Tex.Cr.App.); *West v. State*, 572 S.W.2d 712 (Tex.Cr.App.); *Windham v. State*, 530 S.W.2d 111 (Tex.Cr. App.). See also *Williams v. State*, 547 S.W.2d 18 (Tex.Cr.App.).

The judgment is reversed and the cause remanded.

Before the court en banc.

## STATE'S MOTION FOR REHEARING

DOUGLAS, Judge.

The majority reversed the conviction because the court did not instruct the jury to find that appellant "intentionally" or "knowingly" committed the robbery.

No facts are set out in the opinion. The majority uses two paragraphs applying the law to the facts of the court's charge and reverses. It does not consider the charge as a whole; it does not consider the record as a whole, and it does not consider Article 36.-

19, V.A.C.C.P., which provides in substance that no case shall be reversed unless error in the court's charge is harmful. Article 36.19, supra, should be applied in the present case. It provides, in part, that:

"Whenever it appears by the record in any criminal action upon appeal that any requirement of Articles 36.14, 36.15, 36.-16, 36.17 and 36.18 [concerning the court's charge] has been disregarded, the judgment shall not be reversed unless the error appearing from the record was calculated to injure the rights of defendant, or unless it appears from the record that the defendant has not had a fair and impartial trial. . . ."

This Court for many years has followed this statute. In *Echols v. State*, 75 Tex. Cr.R. 369, 170 S.W. 786 (1914), the construction of the statute is correct. The Court wrote:

"It is just such cases as this that caused the Legislature to amend old article 723, now 743, of the Code of Criminal Procedure, and provide that the errors in the charge should not be cause for reversal, unless objected to when presented to counsel for their inspection. Errors of the character now complained of in the charge were under the old law raised in the motion for a new trial, and this court, because of such matters, felt impelled to reverse the case. The Legislature desired to correct what it considered an evil, and said this court should not reverse under such circumstances, and should not consider such grounds on appeal when the trial court's attention was not called to such matters before the charge was read to the jury. . . ."

In the present case, the matter was not raised in the trial or in a motion for new trial.

In *Wright v. State*, 73 Tex.Cr.R. 178, 163 S.W. 976 (1914), the Court held that the statute required an exception to the charge at the time of the trial and wrote:

". . . So it is clear that the intent and purpose of the Legislature is that we should not reverse a case because of error in the charge, if error there be, unless it was excepted to at the time of the trial, *and not then unless the error appearing from the record was calculated to injure the rights of the defendant, or unless it appears from the record that the defendant has not had a fair and impartial trial . . . .*" (Emphasis added)

That part of the indictment upon which appellant was convicted reads as follows:

". . .

"Count Three: And it is further presented in and to said court that the said Dwight Porter, in the County of Tarrant and State aforesaid, on or about the 31st day of May, 1977, did then and there unlawfully, *intentionally* and *knowingly* while in the course of committing theft and with intent to obtain and maintain control of property of the owner, Billy Fred Lanford, to-wit: one firearm, without the effective consent of Billy Fred Lanford and with intent to deprive Billy Fred Lanford of said property, did then and there *intentionally and knowingly cause serious bodily injury to Billy Fred Lanford* by striking him on the head with a wrench; . . ." (Emhphasis added)

Paragraph 1 of the charge defined armed robbery as follows:

"A person commits the offense of robbery if, in the course of committing theft, and with intent to obtain the property, he *intentionally* or *knowingly* causes bodily injury to another. The offense becomes aggravated robbery if a person committing robbery causes serious bodily injury to another." (Emphasis added)

These words, "intentional" and "knowingly", were defined according to their Penal Code definitions. V.T.C.A., Penal Code, Section 6.03.

Paragraph 3 of the court's charge reads as follows:

"A person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause of the result.

"A person acts knowingly, or with knowledge, with respect to the nature of his conduct or to the circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist. A person acts knowingly or with knowledge, with respect to the results of his conduct when he is aware that his conduct is reasonably certain to cause the result."

Paragraph 4 of the charge applied the law to the facts and reads as follows:

"Now, if you find from the evidence beyond a reasonable doubt that in Tarrant County, Texas, on or about the 31st day of May, 1977, the defendant did then and there while in the course of committing theft and *with intent* to obtain or maintain control of property of Billy Fred Lanford, to wit, one firearm, without the effective consent of the said Billy Fred Lanford, and *with the intent to deprive* the said Billy Fred Lanford of said property, did then and there cause serious bodily injury to Billy Fred Lanford by striking him on the head with a wrench then you will find the defendant guilty of the offense of aggravated robbery.

"Unless you so find from the evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will find the defendant not guilty." (Emphasis added)

A verdict form submitted to, and returned by, the jury is as follows:

"We the jury find the defendant *guilty as charged in Count Three of the indictment.*

　　　/s/　Don Michael Bedford　
　　　　　Foreman"

(Emphasis added)

Count Three of the indictment alleged that the appellant intentionally and knowingly committed the robbery. There was no objection to the charge.

Let us look to the entire record as mandated by the statute to see if there was error calculated to injure the rights of the appellant in omitting the words "intentionally" or "knowingly" from the court's charge.

One of the most recent cases on the subject showing that the entire record should be looked to is *Gant v. State,* 606 S.W.2d 867 (Tex.Cr.App.1980), by Judge Clinton.

Judge Woodley, in *Quinn v. State,* 164 Tex.Cr.R. 125, 297 S.W.2d 157 (1956), noted that for there to be a reversal there must be error in the court's charge and that such error must have been calculated to injure the rights of the defendant. These cases state the correct rule.

With this in mind, we should consider the facts. On May 1, 1977, Billy Fred Lanford was working as a manager of Carl's Pawn Shop when appellant entered the store and asked to look at a fishing rod. When Lanford turned around, appellant struck him several times in the back of the head with a socket wrench. When Lanford fell on the floor, appellant broke the glass display cabinet and stole two pistols. After taking the pistols, he removed the money from the cash register and fled. When Lanford was found by a neighbor, he was wounded and bleeding. The neighbor called an ambulance.

Dr. Clayton Smith, the treating physician, testified that Billy Fred Lanford was struck at least three times. The skull was fractured and fragments of the bone had actually cut the brain. Lanford remained in the hospital until his death some three days later. He died as a result of the injury to the brain and complications from the brain injury.

The two pistols taken in the robbery were found in pawn shops and were traced to appellant. Appellant was arrested for this offense and gave a signed confession admitting the robbery. The confession reads as follows:

"Tuesday, May 31, 1977, shortly after 12:30 P.M. I walked into Carl's Pawn Shop located on 8th Avenue. When I walked in, I saw an old man who evidently was the manager ... when he turned around to go to the cash register I picked up a socket wrench of some sort and hit him in the back of the head. He fell to

the floor and I dropped the thing that I hit him with. I then stepped over him ... I reached inside and got two pistols which were lying in boxes ... After getting the pistols, I went over to the cash register, opened it and removed about $50.00. I then stuffed the money in my pocket. I glanced over and the old man was still lying on the floor. I then ran out of the store...."

In light of the fact that appellant admitted striking Lanford in the head with a wrench and admitted stealing the two guns and money immediately after striking him and leaving his wounded victim lying on the floor and fled the scene, it is highly unlikely that the jury was confused or misled by the court's failure to include "intentionally" or "knowingly" in applying the law to the facts. There is no evidence of the lack of intentionally or knowingly doing the act. The omission of the word "intentional" or "knowing" in the court's charge did not deny appellant a fair and impartial trial.

The majority of the Court did not consider the whole record to see if the appellant was denied a fair and impartial trial. Let us consider next the construction of the charge as a whole instead of just a paragraph of the court's charge to see if the jury was misled or if there was harmless error.

The trial judge defined "knowingly" and "intentionally" and set out the elements of the offense of aggravated robbery in the beginning part of the court's charge. Then in the verdict form, submitted to the jury, the jury was instructed not to return a guilty verdict unless it found appellant guilty as charged in the indictment. The indictment included the words "intentionally" and "knowingly." In construing the charge as a whole, including the definitions, the verdict and the application of the law to the facts and the indictment which was referred to, there could be no harmful error.

In *Daniel v. State*, 486 S.W.2d 944 (Tex. Cr.App.1972), Judge Roberts, speaking for the Court, wrote:

"The charge should be viewed as a whole and review should not be limited to parts of the charge standing alone. *Cain v. State*, 154 Tex.Cr.R. 284, 226 S.W.2d 640 (1950)."

It has been the rule for many years that the omission of scienter elements in applying the law to the facts will not render a charge fundamentally defective. In *Sexton v. State*, 49 Tex.Cr.R. 253, 92 S.W. 37 (1906), in a receiving and concealing stolen property case, the word "fraudulent" was omitted; and in *Wigfall v. State*, 57 Tex.Cr.R. 639, 124 S.W. 649 (1910), the word "willful" in an arson case was omitted.

In *McCary v. State*, 477 S.W.2d 624 (Tex. Cr.App.1972), an opinion by Presiding Judge Onion, there was no objection to the charge and the Court held that absent a timely objection omission of all scienter requirements was not reversible error.

In a relatively recent case of *Rivas v. State*, 496 S.W.2d 600 (Tex.Cr.App. 1973), in an opinion by Judge Odom, in applying the law to the facts in this murder with malice case, the word "voluntary" was left out. Murder was defined in the first part of the charge; the jury was not instructed in applying the law to the facts that it had to be voluntary. The Court held no reversible error. Also, in a recent case of *Thomas v. State*, 599 S.W.2d 812 (Tex.Cr.App.1980), an opinion by Judge Odom, the Court's application of the law to the facts gave an improper restriction on the jury's consideration of self–defense. Finding no reversible error, Judge Odom wrote:

"... when fundamental error in the jury charge is urged, however, it must be determined whether the error was calculated to injure the rights of defendant or whether he had been denied a fair and impartial trial, Article 36.19, V.A.C.C.P., and the charge must be read as a whole. *Smith v. State*, 541 S.W.2d 831, 839 (Tex. Cr.App.)."

In *Jackson v. State*, 591 S.W.2d 820 (Tex. Cr.App.1979), by Judge Tom Davis, the charge did not include any language charging that the threat of death or serious bodily injury was requisite to the verdict of

guilty of aggravated rape. This was applying the law to the facts. In the next paragraph, the charge directed the jury to acquit the defendant of aggravated rape if they did not find that he threatened death or serious bodily injury. "When the charge is read in its entirety, it does not authorize the finding of guilt for aggravated rape unless the jury also finds the threat of death or serious bodily injury." This was not fundamentally defective.

In *Pittman v. State*, 554 S.W.2d 190 (Tex. Cr.App.1977), Judge Tom Davis, writing for the Court, wrote that a charge must be read as a whole and review is not limited to parts standing alone. See *Peterson v. State*, 508 S.W.2d 844 (Tex.Cr.App.1974); see also, *Mathis v. State*, 504 S.W.2d 448 (Tex.Cr.App.1974), written by Judge Dally.

Where there is a misapplication of law to the facts, it is not reversible where there is no objection. *Landrom v. State*, 145 Tex. Cr.R. 114, 166 S.W.2d 137 (1942).

Intent to kill was not included in the charge. There was no objection and no reversible error. *Clough v. State*, 161 Tex. Cr.R. 454, 278 S.W.2d 847 (1955).

Failure to charge on the intent was not reversible error where there is no objection. *Soto v. State*, 161 Tex.Cr.App. 239, 275 S.W.2d 812 (1955).

In a conviction for receiving stolen property, the failure to insert "fraudulently" in the court's charge in applying the law to the facts is not reversible error. *Czernicki v. State*, 85 Tex.Cr.R. 169, 211 S.W. 223 (1919).

Many other cases in point could be cited, but these examples should be enough.

Not only does the consideration of the entire record or the charge as a whole show harmless error, but the consideration of paragraph three of the charge applying the law to the facts shows no reversible error. It requires the jury, before it can convict, to believe beyond a reasonable doubt that appellant had the intent to commit theft while striking the victim on the head with a wrench. This is enough to show that appellant intentionally committed robbery. How could one do all of these things without intending to rob?

There have been some recent cases which have considered only that part of a charge which applies the law to the facts without considering other parts of the charge or without considering if a defendant did not receive a fair trial. The Court should follow the statute passed by the Legislature and all of the well reasoned cases and not reverse unless error in the charge prevented a defendant from receiving a fair trial. See the dissenting opinion in *Cleland v. State*, 575 S.W.2d 296 (Tex.Cr.App.1979).

The State's motion for rehearing should be granted and the judgment should be affirmed.